RICKERT *vs.* SNYDER.

In an *action* of *covenant* for breach of the covenant of *seisin*, it is sufficient to allege the breach by negativing the words of the covenant, and the same rule applies to the covenant that the grantor has *good right to convey :* but the covenants for *quiet enjoyment* and of *general warranty* require the assignment of a breach by a specific ouster, or eviction by paramount legal title.

It is not necessary to state all the facts constituting an eviction, but a declaration setting forth such facts would be good.

The covenant of *warranty* applies as well to the *possession* as to the *title ;* where, therefore, a grantee is turned out of possession by a stranger having a right of possession for an unexpired term in the premises conveyed, the *covenant of warranty* is broken, and an action lies upon such covenant, and not upon the *covenant of seisin* against the covenantor.

The measure of damages in such case is not the consideration money and interest of the land of which the party is dispossessed, but the *annual value* thereof, or *the interest* of the consideration money paid for the land, together with the costs recovered against the grantee, and the taxable costs and counsel fees paid by him in the defence of his possession.

Such costs of defence and counsel fees are recoverable, although not specially stated in the declaration ; the general claim of damages is sufficient to warrant the proof of such costs having been incurred.

Evidence of a recognition by a grantee, *after* the execution of the deed to him, of a *parol lease* of part of the premises from the grantor to a third person for an unexpired term is admissible.

The interest of such lessee is not affected by a conveyance of the property by his landlord.

Where there are several breaches, some good and some bad, and the evidence given on the trial is applicable to the good breaches, the judgment will not be arrested.

THIS was an action of *covenant*, tried at the Schoharie circuit in November 1830, before the Hon. JAMES VANDER-POEL, one of the circuit judges.

The plaintiff declared on a deed, bearing date 15th March, 1824, whereby, for the consideration of $650, the defendant conveyed to him 52 acres of land, and wherein the defendant covenanted that he was lawfully seized of the premises and had good right to convey, that the plaintiff should quietly enjoy, and that the defendant would warrant and defend, &c. The declaration contained four counts. In the *first* the plaintiff assigned for breaches, 1. That the defendant was not seiz-

ALBANY,
Oct. 1832.

Rickert
v.
Snyder.

ed; 2. That he had no right to convey, but that one John J. Kline, at the time of the execution of the deed, held 3 acres, 2 roods and 38 perches, part of the conveyed premises by an elder and better title than that derived to the plaintiff, and so, &c. In the *second count* the breaches assigned were, 1. That the defendant was not seized; 2. That he had no right to convey; 3. That the plaintiff had not quietly enjoyed, &c.; 4. That the defendant did not warrant and defend; 5. That on the 17th August, 1824, an inquisition was taken before J. L., a justice of the peace of the county of Schoharie, upon the oaths of good and lawful men, that John J. Kline had then long since been lawfully possessed of a certain lot of land (part of the premises described in the deed) for a term of years, and that his possession continued until D. G. Rickert, (the plaintiff in this cause,) in April, 1824, with strong hand entered and expelled him from the same, and kept him expelled from that time until the day of the taking of the inquisition, which inquisition the jurors found to be true; that the plaintiff pleaded not guilty to the inquisition, and removed the same by *certiorari* into this court, and that such proceedings were thereupon had, that afterwards, in the term of February, 1827, it was adjudged that Kline should recover against the plaintiff his possession of the said lot of land, and a writ of restitution was awarded to him; and it was further adjudged that Kline should recover against the plaintiff $113,11, for his costs, &c.; *by means of which said judgment, the plaintiff was evicted* from 3 acres, 2 roods and 38 perches of the premises described in the deed; and although the defendant had due notice, he did not warrant and defend the plaintiff in the premises last aforesaid, and so, &c. In the *third count* the breaches assigned were, 1. That the defendant was not seized; 2. That he had no right to convey, but that Kline long before, and at the time of the execution of the deed was lawfully and peaceably possessed of 3 acres, &c. of the premises, &c. for a term of years then unexpired; 3. That the plaintiff has not quietly enjoyed, &c.; 4. That the defendant has not warranted and defended, &c.; 5. That in the term of February, 1827, of this court, on the complaint of Kline, who was at the time of the enseal-

ing of the deed lawfully possessed of 3 acres, &c. of the premises conveyed, for a term then unexpired, *it was adjudged* by this court that Kline should recover against the plaintiff his possession of the lands and premises aforesaid, and also $113,11 for his costs, &c.; *by means of which the plaintiff was evicted* from the said 3 acres, &c. at the suit of *The People* on the relation of Kline, who had at the time of the ensealing of the deed, the right to the said premises, and *a title superior* to that derived to the plaintiff under and by virtue of the deed declared on; and that the defendant, although he had due notice, did not warrant and defend the premises, and so, &c. In the *fourth count* the plaintiff assigned for breaches, 1. That the defendant was not seized; 2. That he had no right to convey: 3. That the plaintiff has not quietly enjoyed; 4. That the defendant has not warranted, &c.; 5. That the plaintiff having taken, being in possession of and holding the premises by virtue of the deed declared on, was afterwards legally and *by due process of law evicted* out of the possession of 3 acres, &c. part of the premises conveyed to him at the suit of *The People* on the relation of Kline, who had at the time of the ensealing and delivery of the deed, the *right to the said premises* and *title superior* to that of the plaintiff derived by him under his deed, and the defendant, although he had notice, did not warrant and defend, &c. and so, &c. The defendant pleaded *non est factum*, and subjoined a *notice* that he would prove that at the time of the execution of the deed, he was lawfully seized and had good right to convey, &c.; that the plaintiff had quietly enjoyed, and that he, the defendant, had warranted and defended the premises; and generally, that he had kept his covenants, &c.

On the trial, the deed declared on was produced, and a record of a judgment of this court, in a case under the statute of *forcible entry and detainer* on the relation of John J. Kline against the plaintiff, was given in evidence; by which it appeared that on the 17th August, 1824, an inquisition under the statute was found against the plaintiff, for forcibly entering into the possession of a certain piece of land whereof Kline was lawfully possessed for an unexpired term; that the plaintiff pleaded to the inquisition, trial had, verdict and judgment

ALBANY,
Oct. 1832.

Rickert
v.
Snyder.

rendered against the plaintiff, and restitution awarded to Kline, and $113,11 costs adjudged to him. It was also proved, that on the 12th July, 1830, the sheriff, by virtue of a writ of restitution, removed the plaintiff and put Kline in possession of 3 acres, 2 roods and 38 perches of land, part of the premises conveyed by the deed declared on, and levied the costs awarded to Kline. This evidence was received, although objected to by the defendant as not proving a *legal eviction*, and that the defendant was not responsible under his covenants for the *tortious acts* of the plaintiff. The plaintiff then gave in evidence a taxed bill of costs, being the costs of defending the indictment, amounting to $64,20 ; also a certified bill of $50 for counsel fees. The defendant objected to this evidence, on the ground that the declaration contained no averments that such costs and counsel fees had been paid, and insisted that at all events the plaintiff should be required to prove that such costs and counsel fees had been actually paid. The objection was overruled, the judge deciding that the plaintiff was entitled to recover his taxable costs and also reasonable counsel fees, although no proof was offered of actual payment. The plaintiff then proved that the average value of the three acres, &c. in proportion to the consideration paid for the whole quantity of land conveyed by the deed, was $46,72 ; that the interest thereof for six years was $22,68 ; and that those sums added to the costs paid Kline (deducting $15 repaid on retaxation) and to the plaintiff's taxable costs and counsel fees, amounted in the whole to $28169.

The defendant offered to prove that the whole extent of Kline's interest in the three acres, &c. was an unexpired term of three years, and offered to prove by parol that previous to the execution of the deed declared on, he informed the plaintiff that he had *leased by parol the three acres*, &c. to Kline for the term of four years, of which three years remained unexpired, and that he refused to execute such deed, unless the plaintiff would agree to permit Kline to possess the premises for the residue of his term, and that the plaintiff did so agree ; which evidence was objected to and rejected. The defendant then offered to prove that *subsequent* to the execution of the deed, the plaintiff did agree that Kline should remain un-

ALBANY,
Oct. 1832.

Rickert
v.
Snyder.

disturbed in the possession of the three acres for the residue of his term ; which evidence was also objected to and rejected. .

The judge charged the jury that a legal eviction of the three acres, &c. was duly proved, and that the plaintiff was entitled to recover the consideration money paid for the same, with six years interest thereon, the costs paid to the relator, the plaintiff's taxable costs of defence, and such counsel fees as the jury should deem reasonable. The jury found a verdict for the whole sum claimed, to wit, $281,69.

The defendant moved *in arrest of judgment* or for a new trial,

*M. T. Reynolds* for defendant. In the *second count* it is not averred that Kline, who evicted the plaintiff, had paramount title ; such proof was indispensable. 2 *Saund.* 181, *a, n.* 10. In the *third count* title in Kline is averred, but it is not shewn that the eviction was under such title ; in fact title was not in question on the trial of the indictment for the forcible entry and detainer, the only point decided by this court being that the plaintiff entered without right on the possession of . Kline, as will be seen by reference to the case in 8 *Cowen,* 226. Under the covenant to warrant and defend, the grantor is bound to warrant the *title* only, and not a possession perhaps *tortiously* acquired by the grantee. The verdict being general, if either breach is bad, the judgment will be arrested.

The record of the judgment in favor of Kline was inadmissible, it not being shewn that the defendant had notice of such suit : the plaintiff therefore was bound to shew a paramount title in Kline, and failing to do so, he did not give proof of a legal eviction. The evidence offered should have been received, as it would have shewn that the extent of Kline's interest in the land was an unexpired term of three years, and would have required the adoption of a different measure of damages than that prescribed by the judge to the jury. The plaintiff cannot in such case recover as for a total defect of title ; nor was he entitled to six years interest, when by the record it appears that he was not dispossessed until 1830. . 12 *Johns. R.* 126. 1 *Wend.* 553. Nor should he have recovered his taxable costs and counsel fees, there being no aver-

ment in the declaration of the payment of these items, and there being no proof of actual payment.

*B. F. Butler,* for the plaintiff. The objection to the *third count* is not warranted by the pleadings; it is sufficiently averred that the eviction was under Kline's title. Admitting the *second count* to be bad, the plaintiff is entitled to judgment. There are other counts which are unexceptionable, to which the proof is applicable as well as to the second count. 7 *Cowen,* 725. 9 *id.* 152. In all the counts a breach of the covenant of *seisin* is set forth, and under such breach an eviction need not be alleged; it is sufficient if it be proved. 16 *Johns. R.* 122. All facts, the necessary sequents of an eviction, may be shewn on the trial, although not averred in the declaration; and all damages, the consequences of such eviction, are recoverable. 1 *Chitty's Pl.* 385, 6. 7 *Wendell,* 281. *Non est factum* was the only plea interposed, and under it the plaintiff was not bound to prove an eviction, every material averment in the declaration being thereby admitted, except the execution of the deed and the damages actually incurred. 3 *Johns. R.* 113. 14 *id.* 93. 4 *Cowen,* 173. Notwithstanding which the plaintiff was at liberty to prove his averments, and the record at all events was admissible to prove the amount of costs awarded against the plaintiff. The objection to the taxable costs of defence and counsel fees was not so much to the sufficiency of the evidence as to the right to recover them. The evidence of the extent of Kline's right and of the plaintiff's subsequent recognition was properly rejected under the pleadings in the cause, notice not having been given of such proof.

*By the Court,* SAVAGE, Ch. J. The rule as to the assignment of breaches on the various covenants in a deed is briefly and correctly stated by Chancellor Kent. 4 *Kent's Comm.* 479, 2*d ed.* In the covenant of *seisin* it is sufficient to allege the breach, by negativing the words of the covenant. The same rule must also apply to the covenant that the covenantor has good right to convey. This has been called synonymous with the covenant of seisin; it certainly follows, as a necessary consequence, that a person who is seized has a right to

convey the estate of which he is so seized. But the covenant for quiet enjoyment and of general warranty require the assignment of a breach by a specific ouster, or eviction by paramount legal title. It is not necessary to state all the facts which in evidence constitute an eviction ; but a declaration stating the facts specially would certainly be good.

It is objected to the declaration in this case, that the breach of the covenant of warranty in the second and third counts is not well assigned. Had the assignment been made in general terms, that Kline, having superior title at the time of the execution of the deed, entered by virtue of due process of law and evicted the plaintiff, there could have been no objection to it. Is it not sufficient then, in point of form, to state specially that legal proceedings were instituted by a person having paramount title to the possession, and that by virtue of those proceedings, the plaintiff was evicted and turned out of the possession ? I am inclined to think it is. There are in these counts many bad breaches, and most of the special breaches are wanting in technical precision; but I think those objected to are sufficient. If they are not, there is a good breach under the covenants of quiet enjoyment and warranty in the fourth count, and the evidence is applicable to it. Judgment, therefore, should not be arrested.

But the principal question raised and discussed on the motion in arrest, is whether the proceeding set forth is one constituting an eviction within the meaning of the covenant. It is argued that the defendant is not to be answerable for trespasses committed by the plaintiff. That is true ; but the fair construction of the whole breach is, that the plaintiff was lawfully turned out of the possession which had been lawfully taken by him under the deed from the defendant. The covenant of warranty extends as well to the possession as to the title, and if a grantee loses possession of the premises granted, he surely has a remedy under this covenant. It is true that the proceedings for a forcible entry and detainer do not involve the question of title, but only the possession ; and there can be no doubt that a person entitled to the possession, a lessee for instance, may recover the possession in this manner

from the person owning the fee. I am of opinion, there-fore, that judgment should not be arrested.

As to the motion for a new trial on the bill of exceptions, the first question is, whether the record of conviction was properly received in evidence? That record stated that Kline had been lawfully possessed of a certain lot for a term of years, and so continued until the plaintiff Rickert forcibly entered and put him out. On the trial of that indictment the defendant was found guilty of forcible detainer. The record proved that Kline was tenant for years of certain premises; that the plaintiff obtained possession peaceably, and forcibly retained that possession; the judgment of the court was that the possession should be restored, and it was restored. This was proper evidence; not to prove a breach of the covenant of seisin, but to shew a disturbance in the *possession*, an *ouster* of the plaintiff from part of the prem-ises conveyed, and as the defendant had warranted to the plaintiff the *quiet and peaceable possession*, a loss of that possession under legal process was a breach of the war-ranty.

Several questions were raised upon the items of the plain-tiff's damages. The taxed costs included in the record were certainly proper, if the record itself was properly ad-mitted. The costs of the defence and of counsel fees were also proper, if the plaintiff's declaration was sufficient to ad-mit them. The plaintiff in his declaration claims damages generally, and surely should be permitted to prove those damages which were necessarily consequent upon a prose-cution against him, and his defence against that prosecution.

The plaintiff was permitted to recover the whole value of the land; this was wrong. The record did not shew that Kline was seized of the premises which he recovered, but on the contrary, that he was *possessed* of a term; the extent of that term, and the annual value or the inter-est of the purchase money should have been the rule of damages. The plaintiff's counsel justifies the decision of the circuit judge, on the ground that a breach of the covenant of *seisin* had been proved. In that case the rule of damages assumed would have been correct; but the evidence went to the possession, not to the right

of property. The evidence of the extent of Kline's term which was rejected ought therefore to have been received. The defendant then offered to shew by *parol* that the plaintiff both *before* and *after* the execution of the deed to him had recognized the existence of Kline's term in the 3 acres, 2 roods and 38 perches. This the judge rejected. It is well established that parol declarations cannot be received to control or vary the terms of a written instrument. It would have been improper, therefore, to have shewn by parol that the deed was not intended to cover those three acres, or that they were to have been excepted out of the deed ; but the evidence to shew by parol the recognition of an interest in lands created by parol, ought to have been received. At that time a *parol lease* for three years was good. If there is any well founded objection to this evidence before the execution of the deed, there is none after it. When the deed was executed I will suppose it conveyed to the *grantee* absolutely the land in dispute ; it was competent then to prove that *he* had leased it to Kline by parol for three years, and such evidence must be by parol. If the lease is by parol, it follows that the proof of it must be by parol. It was decided in the case of Kline against the present plaintiff, 8 *Cowen*, 226, that an absolute conveyance transfers the interest of the grantor only ; and when a parol lease existed anterior to such conveyance, such lease was good, as against the grantor and his assigns. It was a legal estate, and a parol recognition of such estate is binding upon the plaintiff. A new trial should be granted, costs to abide the event.