## ORR v. BURWELL.

1. Where O sells to B a circular saw, with the understanding, that if B is compelled to pay, for the patent right to use it, such payment shall be borne by O : and the agent of one, who claims to be the patentee of the saw, demands of B the price of the patent right, which B voluntarily pays, it is a good defence, in a suit by O against B, for the purchase money of the saw, if B proves that the patent to which he yielded, covered the saw.
2. Whether, or not, a particular saw is embraced by a patent, is a question of fact, not of law, and the determination of it, is properly referred to the jury.

Error to the County Court of Marengo. Before Hon. J. A. Young, Judge.

THIS was an action of assumpsit, instituted by plaintiff against the defendant in error, on a note given by him to plaintiff, in part payment for a circular saw. The note was for $100, and was given with the understanding, that if the defendant was legally bound, and forced to pay for a patent right to use said saw, he should have the benefit of such payment against the plaintiff, but the payment was not to be voluntary. An exemplification of a patent was produced by defendant, by which the exclusive right was secured to one Robert S. Thomas, to make and construct a "rotary saw," which was described, and the defendant introduced evidence tending to show, that the saw he had purchased from the

plaintiff, was covered by this patent. He also proved, that after the purchase from the plaintiff, he was called upon by the agent of the patentee, who claimed from him $100, the price of the right to use the saw embraced in the patent, which defendant paid without suit.

The court charged the jury, that the defendant was not bound to permit himself to be sued, to test the patent right, but might pay the price of the patent, without it, and that if the patent produced, covered the saw used by him, the plaintiff could not recover.

The plaintiff requested the court to charge the jury, that the patent produced and relied on by the defendant, did not embrace the saw sold them by the plaintiff, which charge the court refused to give, but charged the jury, that it was for them to determine, from the evidence, whether the saw was embraced by the patent, or not. To the charges given, and to the refusal to charge as asked, the plaintiff excepted, and now assigns them as error.

JOHN, for plaintiff in error.

1. The proper interpretation of the contract between the plaintiff and defendant, is, that Orr let the Burwells have a circular saw at much less than its cash value, in consideration that they would litigate the claim to a patent right to use the saw. If they succeeded in the suit, they were to pay their own expenses, and to pay Orr the amount of the note, and interest. If they failed, Orr was to pay, or allow them the price of the patent, and their expenses. If Orr had litigated the claim to a patent, he would have sold the saw for a full price. To allow the Burwells to purchase at a reduced price, with notice of the probability of litigation, and then, without a proper contestation of the claim, pay the price claimed, and by that means, get the saw for less than its value, would be clearly wrong. Such a result certainly never was contemplated by the parties in making the contract.

2. This contract is similar in its legal effect to a covenant for quiet enjoyment, (the court below viewed it as such,) and if so, something equivalent to a legal eviction, was necessary to authorize the defence insisted upon. Salle v. Light's ex'r, use, &c. 4 Ala. 700; Waldron v. McCarty, 3

Johns. 464; Van Slyck v. Kimball, 8 Ib. 198; Whitbeck v. Cook and wife, 15 Ib. 483.

3. It was not competent for the defendants to dispute the plaintiff's right to recover, unless they had been charged at the suit of the patentee, or his assignee, who by such suit established a patent, covering the right to use the saw sold by the plaintiff to defendants. Vibbard v. John, 19 John. 77; Livingston v. Bain, 10 Wend. 384. Because such a suit was in fact a part consideration for the saw, part of the express understanding.

4. This agreement is not in the nature of a covenant of warranty, and therefore the case of Dupuy v. Roebuck is not applicable, nor the cases of that class; because Orr had an unquestionable title to the saw, but might not have the right to use it in a particular manner. This agreement was certainly not intended to cover his title to the saw; consequently, the agreement is in its effect similar to a covenant for quiet enjoyment. For these reasons, it is contended that the first charge given is incorrect.

5. It is the province, and when requested, as in this case, the duty, of the court, to expound to the jury all written instruments which may be given in evidence. Martin v. Chapman, 6 Por. 344, 351; 1 Ala. 607; 7 Ib. 322.

6. The construction of the specifications of a patent belongs to the court, and not to the jury; therefore, the court erred in referring the patent and specifications to the jury, to ascertain whether the saw in controversy was covered by the patent. Neilson et al. v. Harford et al. M. & W. 805, 821.


W. E. CLARK, contra.

Under the agreement between the parties, if the saw was within the description of the saw patented to Poelnitz, then the defendant was entitled to the amount paid Poelnitz for a violation of his patent, as a set off against the note sued upon in this action, and Burwell was not bound to litigate the matter with Poelnitz, in order to determine the fact of identity, but was authorized to pay the same without suit, if he in good faith paid it on the patent of Poelnitz. Dupuy v. Roebuck, 7 Ala. 484.

The court properly submitted the whole matter to the ju-

ry, and was not bound to decide upon patents. It is the duty of the court to construe written instruments, but not to compare, and decide upon the identity of inventions described in the agreement and proof in the patent. Smith v. Pearce and Pearce, 2 McLean's R. 176.

DARGAN, J.—The agreement between the plaintiff, and defendant, as described by plaintiff in his answer to the interrogatories, was, that if the defendant was legally compelled, and forced, to pay for the patent right of the saw, that such payment should be a charge against the plaintiff. Under this contract, the defendant yielded to the right of the patentee, without suit, and paid him $100, and now insists on this payment, as an offset to the note given to the plaintiff for the saw. Did the court err in the charge, that the defendant was not bound to permit himself to be sued, but might pay the patentee, and insist on this payment as a defence to the note, if the defendant showed that the patentee was entitled to it?

If one purchase land of another, with warranty, and without suit yields to a paramount title, he may sue on the covenant, and if he show that the title to which he yielded, is paramount to the title of his vendor, he may recover. Dupuy v. Roebuck, 7 Ala. 485; 2 Greenl. Ev. 202; Hamilton v. Cutts, 4 Mass. 349; Tuft v. Adams, 8 Pick. 547; 5 Conn. 497; 9 Wend. 416. The vendee, however, assumes the burthen of proving, that the title to which he yielded is paramount to the title of the vendor, and thus, in the action of covenant, the right of his vendor, and the right of him to whom the vendee yielded, will be tried. We think the contract in this case, resembles, in this respect, a covenant of warranty; and that the defendant, upon demand, might yield to the right of the patentee, and pay the sum to which his right entitled him, without suit. The language of the contract is, that if the defendant was legally compelled to pay, that then the payment should be borne by the plaintiff.

In this case, the burthen of proof lay on the defendant, to show the right to which he yielded, entitled the patentee to recover; and it is therefore as effectually tried in this suit, as it would have been, had he permitted himself to be sued.

But it is contended, that by the express terms of the contract, the defendant stipulated to litigate with the patentee, his right to demand payment for using the saw. We do not think the contract is to be thus interpreted. It is true, if such a stipulation, in express terms, was embraced in the contract, and if the defendant had undertaken expressly to submit to a law-suit, and to litigate the right of the patentee with him, before he could claim of the plaintiff the amount due the patentee, he then must have shown, that such litigation had been commenced, and determined against him. But we cannot infer from the contract, as proved, that the defendant did agree, to litigate in law, the right of the patentee; but we think, by a fair interpretation of it, that the contract resembles a covenant of warranty, and that the defendant might yield to the demand of the patentee, without suit, if satisfied that he was entitled to recover.

2. Nor is there any error in the charge of the court, that the jury should determine from the evidence, whether the patent produced, embraced the saw, or not. It is the duty of the court to construe all written instruments, but the application of them to the subject matter to which they relate, is always a matter of fact: that is, if a deed is introduced as evidence, the nature, quality, or quantity, of the estate conveyed by it, is a matter of law, and must be determined by the court; but the identity of the land conveyed, or whether the land in controversy, is covered by the deed, is a matter of fact, to be tried by the jury. In this case, it was the duty of the court to construe the patent, if any question of construction had arisen; but whether the saw purchased by the defendant, from the plaintiff, was one of *the description* embraced by the patent, and which gave the patentee the right to demand the sum for its being used by the defendant, depended on the evidence, and was a question of fact, to be determined by the jury.

There is no error in the judgment, or in the ruling of the court, and the judgment is consequently affirmed.