Van Vorst, J.
The agreement made on the 26th May; 1845, between John Townelle, the then owner of the two lots of ground in question, with E. 0. Connell and others, owners of adjoining lots on the street, by which the buildings which might thereafter be erected on the lots owned by the parties to the agreement, were to be set back from the building line of the street in'an equal line, eight feet did not constitute a dedication of the space so to be left open, in front of the buildings, to the public. But it is such an agreement as a court of equity will enforce between the parties to it, the one against the other, and in favor of and against any subsequent grantee of any of the lots. By the terms of this instrument a right, in the nature of a servitude or easement in the several lots, was created in favor of each owner in all the lots to which it relates. (Parker v. Nightingale, 6 Allen, 341.)
It is obvious that the parties to this agreement intended to impose a permanent restraint on the" mode of occupation of their several lots, so far as the eight feet in question was. *315 concerned. This space it was agreed should not be built upon. It was agreed that it was for the benefit of all concerned that it should be left open. It is very certain from the language of this agreement that the parties meant that this restriction should be- a permanent charge on each lot, not only in favor of the then owners, but also of those who should derive title through them.
With such an easement and charge fastened on the two lots, to which the plaintiff has acquired title, through one of the signers of the agreement, it is quite clear that he could be restrained by the owners of the adjoining lots from building up to the street line. Plaintiff is as much bound to leave this space open in front of these two lots, in pursuance of the agreement between the original owners, as though he was actually a party to it. (Tallmadge v. East River Bank, 26 N. Y., 105; Hubbell v. Warren, 8 Allen, 173; Washb. on Easem., 63-65.)
This agreement creating this permanent easement on the two lots in question, is an incumbrance on the land, and runs with it; the grantee cannot remove it, except by the consent of all interested. The grantee is absolutely prohibited from using the restricted portion, except in a certain way. (2 Washb. on Easem., 658, §§ 13, 14.) The conveyances from the defendant to Arm B. Phinney contained a covenant that the premises conveyed were free, clear, discharged and unincumbered, from all charges and incumbrances of what nature or kind soever. The existence of this easement at the date of the conveyance of the property by the defendant, was a breach of the covenants in his deeds, and one of which the grantee, Ann B. Phinney, could have taken advantage in her lifetime, by action for the recovery of such damages as she could establish as incident to the breach.
The covenant against incumbrances is a personal covenant. If not true, there is a breach the instant the deed is executed.
A broken covenant does not run with the land; nor does it pass to the grantee in a conveyance of the land (3 Kent’s Com., 471). It is a "chose in action, and the right of action ¡ is supposed to remain in the covenantee and his personal rep- : *316 resentatives. (Rawle, Cov. of Title, 374; Beddor v. Wachsworth, 21 Wend., 120.)
It was formerly the practice, upon the theory that a chose in action was not assignable, to allow an action to be brought for the breach of the covenant by the covenantee for the benefit of his grantee.
But I am of the opinion that all the remedies which Arm B. Phinney or her personal representatives had for a breach of the covenants in defendant’s deeds, passed to the plaintiff under the executors’ deed to him. The transfer of the land, the principal thing, should be held to imply in equity an assignment of all remedies under the covenant (Rawle, 377).
The fact that the agreement creating the restriction and easement was a matter of record, and that plaintiff had constructive notice thereof, is not enough to affect or defeat his remedy. I am of the opinion that it would be otherwise, if actual notice had been brought lo Mm or his agent at the time he took the deed.
If the plaintiff at that time actually knew of this agreement, evidence of such fact should be received by the referee hereafter appointed in mitigation of damages. Such evidence is not a contradiction of the deed, although it does not except the easement in question (Rycker v. Snyder, 9 Wend. 416.)
In fact I think that with actual knowledge the recovery of the plaintiff should be nominal only, not extending even to the moneys laid out by him in the attempted improvement of the eight feet, or the expenses incident to a change of his plan, because under such circumstances he went on in his own |wrong. And this is the more reasonable and equitable when it is considered that the restriction in itself is not necessarily a lisource of damage. The agreement asserts that the setting back of the houses eight feet was deemed by the parties to be beneficial to all concerned; this was doubtless so in contemplation of the property being used for private residences. With knowledge of the restriction, plaintiff would not be allowed to divert the property from such use as was deemed to be beneficial at the time he took his deed, and when defeated in such design, as far as the eight feet in question is concerned, by the force and effect of this agreement, seek to recover under the *317 covenants in defendant’s deeds against incumbrances, the damages sustained by him in failing to carry out such attempt.
The plaintiff is entitled to recover in this action such damages as he can establish, incident to this breach of the covenants in defendant’s deeds to Ann B. Phinney against incumbrances. The legal representatives of Ann B. Phinney have parted with the estate and have received an adequate consideration therefor. They can succeed in no action for damages for the benefit of the estate of the deceased. The agreement of the 25th May, 1845, operates upon and affects this plaintiff only. He it is who is restrained by its terms. Whatever damages flow from this breach he suffers. He is the real party in interest. That the broken covenant does not run with-the land and pass to the assignee, but that the action may be brought in the name of the covenantees for the benefit of the grantee, raises only a technical scruple which is disposed of by the code of procedure; which enacts that all actions must be brought in the name of the real party in interest (Code § 111.)
It was stipulated on the trial, by the attorney and counsel ' for the parties to this action, that in the event it should be decided that the plaintiff was entitled to recover under the covenants against incumbrances contained in defendant’s deeds to Ann B. Phinney, it should be referred to some suitable person to be appointed by the judge before whom the trial was had, to take proof of and ascertain and report tire amount of damages which plaintiff is entitled to recover. It is directed, therefore, that it be referred to Nathaniel Jarvis, Jr., Esq., to ascertain and report the amount of such damages to the end that on the coming in of the report, judgment be entered herein accordinginly.