In re BOARD OF RAPID TRANSIT COM'RS (PARK AVE. SECTION).

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

EMINENT DOMAIN—PROCEDURE—COSTS TO ABUTTING OWNERS.

In proceedings by the board of rapid transit commissioners to procure an order of the Appellate. Division confirming the report of the commissioners in favor of the construction of an underground railroad according to certain plans, it was necessary for the owners of the abutting property to employ counsel and incur other expenses to properly present their cases to the court and the referee appointed to ascertain and report the amount of damages sustained by each abutting owner. *Held*, that the court should award as costs to each owner a reasonable sum for counsel fees and other necessary disbursements, and that a reasonable counsel fee would be 5 per cent. of the amount of the award to each owner, not exceeding, in any case, the sum of $1,000.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain,. §§ 690–692.]

In the matter of the application of the board of rapid transit commissioners to procure an order of the Appellate Division confirming the report of the commissioners in favor of the construction of an underground railroad according to certain plans.   Application for the confirmation of the report of the referee appointed to ascertain and report the amount of damages occasioned to abutting property by the unauthorized acts of the board of rapid transit commissioners and its contractor in constructing a tunnel along the east side of Park avenue, between Thirty-Fourth and Forty-First streets, in New York City. Report confirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

John M. Bowers, for claimants Wells and others.
Arthur H. Masten, for claimants Barney and others.
Chas. G. Bennett, for claimant Huntingdon.
Harrison & Byrd, for claimant Byrd.
Gilbert H. Crawford, for claimant Devoe.
Edward M. Shepard, for board of rapid transit comr's.

INGRAHAM, J.   This court having determined that, before formal approval should be given to the report of the commissioners approving of the use of the east side of Park avenue, between Thirty-Fourth and Forty-First streets, for the underground railway, the owners of abutting property on Park avenue should be paid the damages that the actual construction of the unauthorized tunnel has caused to the abutting property (104 App. Div. 468, 93 N. Y. Supp. 930), the entry of a final order confirming the report of the commissioners was postponed until the amount of such actual damage could be ascertained.   The application now comes before the court for a final order, based upon the report of a referee as to the amount of such actual damage.   The learned referee, in a very satisfactory report, has ascertained and reported the amount of damage occasioned to abutting property by the unauthorized acts of the board of rapid transit commissioners and its contractor in constructing the tunnel.   The learned counsel for the

rapid transit commissioners has filed no exception to the report of the referee, and makes no objection to the various amounts which the referee has reported as the damage to such abutting property. It is sufficient to say that we adopt the conclusions of the referee.

The referee excluded all evidence as to legal expenses occasiond by the efforts of the owners of abutting property to enjoin the construction of the tunnel or in the opposition to the granting of this application; but he reported that it seemed to be entirely feasible to treat this proceeding, so far as it relates to each claimant, as an independent special proceeding, and, as there is a recovery by each, the court could direct that each independent claimant should have his costs and disbursements and an extra allowance based upon the amount of his recovery in this proceeding, and he recommended that such an allowance be made. I can see no reason why it is not proper, in a proceeding of this character, to add to the amount awarded to each property owner a reasonable amount for the expense of the proceeding to ascertain the amount of the damages to the abutting property. The board of rapid transit commissioners applied in this proceeding for a consent to legalize an unauthorized use of the public street. Whether or not such a consent should be granted rests largely in the judicial discretion of the court, who is to consider the rights of the abutting property in the street and the right of the public at large to have the street applied to a public use. In determining whether such a consent should or should not be given, where it appears that the use of the street had actually caused serious damage to abutting property in constructing the railroad for the benefit of the entire city, and where the amount of such damage can be definitely ascertained, it is the duty of the court to require that such damage be paid before the use of the street is authorized. Where it was necessary for an abutting property owner to employ counsel and incur expense, so as to definitely ascertain the amount of the damage to which the abutting property has been subjected, the reasonable cost thereof is as much an item of damage as the actual cost of repairs to the abutting property necessary to replace the building in the same condition that it was before the unauthorized use of the street. It seems to me, therefore, that, irrespective of any express authority to award costs in this proceeding, the court should award to the owner of each piece of abutting property a reasonable sum for compensation for counsel and for the other disbursements necessary for the proper presentation of this case to this court and to the referee in this proceeding. Under these circumstances, I think a reasonable counsel fee to each of the parties who have appeared before the referee would be 5 per cent. on the amount of the award to the owner of each piece of abutting property, not exceeding, however, in any one case, the sum of $1,000.

The report of the referee, therefore, stands confirmed; and the final order confirming the report of the commissioners will be entered upon the payment to each of the owners of the abutting property of the amount found by the referee as the damage caused to their property, together with the taxable costs and disbursements of the proceedings and an allowance for counsel fee to the amount above expressed. Up-

on proof of the payment of these amounts, counsel for the petitioner may present an order confirming the report of the commissioners appointed in this proceeding. All concur.