"Estates in expectancy which are contingent or defeasible * * * shall be appraised at their full, undiminished value when the persons entitled thereto shall come into beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purpose of taxation, upon which said estates in expectancy may have been limited."

Under this statute it is the full, undiminished value of the trust fund that must be taken into consideration in ascertaining the value of the life estate of Whitewright Stuart, and not the value of the remainder, as found by the appraiser. The question as to whether the finding of the appraiser, under such circumstances, is res adjudicata was very fully discussed in Matter of Mason, 120 App. Div. 738, 105 N. Y. Supp. 667, affirmed 189 N. Y. 556, 82 N. E. 1129, and it was there held that such finding was not binding upon the state comptroller in a subsequent proceeding to assess a tax upon the value of the remainder interests, and that such tax should be assessed upon the full value of the fund, undiminished by the value of the particular estate.

[5] The respondent further contends that the statute, if construed so as to authorize the imposition of a tax upon the undiminished value of the fund, violates certain provisions of the Constitution of the state of New York and the Constitution of the United States. This being a court of first instance, the constitutionality of an act of the Legislature which confers jurisdiction on the court to conduct certain proceedings will be assumed; but, whatever my individual opinion may be the constitutionality of an act under which the Court of Appeals has authorized the imposition of a tax (Matter of Mason, supra) is not open to discussion in this court.

The application of the state comptroller to assess a tax upon the value of the life estate of Whitewright Stuart in $723,036.66 is granted. It is alleged in the petition that Whitewright Stuart was born on the 1st day of January, 1883, and this is not denied by either of the answers filed. The value of his life estate will be ascertained by the state superintendent of insurance, and an order may then be submitted upon notice assessing a tax upon the value of such interest, in accordance with the Tax Law in force at the date of the death of William Whitewright.

(87 Misc. Rep. 539)

### In re THOMPSON'S ESTATE.

(Surrogate's Court, New York County. November, 1914.)

1. TAXATION (§ 885*)—TRANSFER TAX—BONDS AND MORTGAGES—RIGHT OF SURVIVORSHIP.

Where certain bonds and mortgages were taken in the name of decedent and his wife at various times between 1905 and 1908, both inclusive, her right of survivorship was acquired immediately on the execution of the instruments, the right of possession only being deferred until her husband's death; and hence the transfer to her of such right of survivorship was taxable under the transfer tax law in force at the date of the respective transfers, providing for the imposition of a tax on the transfer of property to the wife of the transferror, when the value of the prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes*

erty transferred exceeded $10,000, the tax to be imposed on the entire value of the property transferred.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

2. TAXATION (§ 886½*)—TRANSFER TAX—BONDS AND MORTGAGES.

The entire value of bonds and mortgages transferred by decedent to his wife as a gift to take effect at or after decedent's death constituted a transfer taxable under the Tax Law (Consol. Laws, c. 60) existing prior to its amendment by Laws 1910, c. 706, and should not be added to the value of the transfer effected by decedent's will, or to a gift made by him to his wife in contemplation of death.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

3. TAXATION (§ 886½*)—TRANSFER TAX—CONVEYANCE OF REAL PROPERTY.

Where decedent conveyed real property to his wife January 26, 1911, such transfer was subject to taxation under Laws 1910, c. 706; the grantee being entitled to have the gift taxed as an independent transfer, and to have an exemption of $5,000 deducted from its value.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

Proceeding for appraisal of the estate of Alexander Thompson, deceased, for the imposition of the transfer tax. From an order entered on the supplemental report of a tax appraiser, the widow appeals. Modified and affirmed.

Lawrence E. French, of New York City (Clarence C. Fowler, of New York City, of counsel), for appellant.

Edward F. Boyle, of New York City (Ellwood M. Rabenold, of New York City, of counsel), for respondent.

FOWLER, S. This appeal from the order entered upon the supplemental report of the appraiser brings up for consideration some of the questions decided by me upon the appeal taken by the executrix from the order entered upon the original report. Matter of Thompson, 85 Misc. Rep. 291, 147 N. Y. Supp. 157. The supplemental report contains no new evidence which would warrant a modification of that decision. The new questions raised by this appeal relate to the right of the widow to have each transfer taxed separately and to have an exemption of $5,000 allowed from the value of the individual transfers.

[1] The bonds and mortgages which were taken in the names of decedent and his wife were executed at various times between 1905 and 1908, both years inclusive. Her right of survivorship in the bonds and mortgages was acquired immediately upon the execution of the instruments themselves. It was only the right to possession which was deferred until the death of the decedent. The transfer to her of this right of survivorship was taxable under the provisions of the Tax Law in force at the date of the respective transfers. Matter of Smith, 150 App. Div. 805, 135 N. Y. Supp. 240; Matter of Webber, 151 App. Div. 539, 136 N. Y. Supp. 83; Matter of Haight, 152 App. Div. 228, 136 N. Y. Supp. 557; Matter of Keeney, 194 N. Y. 281, 87 N. E. 428. The Tax Law in force at the various dates upon which these transfers were effected provided for the imposition of a tax upon a

transfer of property to the wife of the transferror when the value of the property transferred exceeded $10,000, and the tax was to be imposed upon the entire value of the property transferred. Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311; Matter of Corbett, 171 N. Y. 516, 64 N. E. 209.

[2] Therefore the entire value of the bonds and mortgages transferred to the decedent's wife as a gift intended to take effect at or after his death constituted a transfer taxable under the provisions of the Tax Law as it existed prior to the amendment effected by chapter 706 of the Laws of 1910. This amount is taxable at 1 per cent., and should not be added to the value of the transfer effected by the will of the decedent, or to the gift made by him to his wife in contemplation of death.

[3] The deed by which the decedent conveyed to his wife the real estate mentioned in the appraiser's report was executed and delivered on the 26th of January, 1911. This transfer, therefore, was subject to taxation under the provisions of chapter 706 of the Laws of 1910. The decedent's wife is entitled to have this gift taxed as an independent transfer and to have an exemption of $5,000 deducted from its value. Matter of Hodges, 86 Misc. Rep. 367, 148 N. Y. Supp. 424.

The order fixing tax will be modified in accordance with this decision. Settle order on notice.

---

(89 Misc. Rep. 69)

### In re UNION TRUST CO.

### In re DETMOLD'S WILL.

(Surrogate's Court, New York County. January, 1915.)

1. WILLS (§ 439\*)—CONSTRUCTION—INTENTION OF TESTATOR.
   The court, in interpreting a will, will seek to apply the meaning of testator.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. § 439.\*]

2. CONTRACTS (§ 143\*) — "RULE OF CONSTRUCTION" — "RULE OF INTERPRETATION."
   Interpretation and construction of written instruments are not the same; and a "rule of construction" is one which either governs the effect of an ascertained intention, or points out what the court should do in the absence of express or implied intention, while a "rule of interpretation" is one which governs the ascertainment of the meaning of the maker of the instrument.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 723, 743; Dec. Dig. § 143.\*
   For other definitions, see Words and Phrases, Second Series, Rules of Construction; Rules of Interpretation.]

3. WILLS (§ 531\*)—CONSTRUCTION—MEANING OF WORDS—"ISSUE."
   The term "issue," when employed in a will, may have several legal significations, and may be the equivalent of all descendants taking per capita, or may be so limited by express or inferred intention as to mean that such descendants are to take per stirpes, and where there is any indica-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes