SCHAEFER v. HILLIKER et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. HIGHWAYS (§ 81*)—ABANDONMENT—EFFECT—DUTCH ROAD.
   Where a road extending through Brooklyn was an old Dutch road so that title to the land vested in the city, it did not affect the city's title to the land that the road was afterwards abandoned or closed.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. § 289; Dec. Dig. § 81.*]

2. HIGHWAYS (§ 68*)—EXISTENCE—SUFFICIENCY OF EVIDENCE—TITLE.
   In an action to recover a deposit made in connection with an agreement to purchase land, and expenses incurred, evidence *held* to show that a road crossing the land in Brooklyn was an old Dutch road, so that title was in New York City, and defendants or their purchasers did not have title to the land included therein.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. § 233; Dec. Dig. § 68.*]

3. VENDOR AND PURCHASER (§ 341*)—REMEDIES OF PURCHASER—ACTION FOR BREACH—PLEADING—PROOF—WANT OF TITLE.
   In an action to recover a deposit made in connection with an agreement to purchase land and expenses incurred, allegations of the complaint that defendant did not have title to a road across the land, but that title was in the city of New York, permitted proof that defendants never received title thereto from their predecessors.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1011; Dec. Dig. § 341.*]

4. VENDOR AND PURCHASER (§ 130*)—REMEDIES OF PURCHASER—GROUND OF RECOVERY—DEFECT IN VENDOR'S TITLE.
   Where defendants contracted to sell a tract but did not have title to a road running across it, they did not have a marketable title to the tract, so that the purchaser could recover a deposit and expenses incurred in making the contract.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Appeal from Special Term, Kings County.

Action by Martin Schaefer against John H. Hilliker and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

George L. Stamm, for appellant.
John J. A. Rogers, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMAS, J. Plaintiff refused to take title to land upon the ground that it was crossed by an old road of which the defendants had not, and the city of New York had, title. In this action to recover the deposit and expenses the complaint alleges that the defendants, or any of their predecessors in title, did not have title in any part of the land included in the road, which was a Dutch road, identified as the Newtown and Bushwick turnpike road, and that the same was owned by the city of New York. The defendants deny. The plaintiff contends that he has proven the above allegations, and, alternatively, that, if any of defendants' predecessors did have title, he did not convey the same. The earliest deed shown in defendants' chain of title is dated in 1861, and is from Meserole and others, widow and heirs of Nicholas N. Wyckoff to Kohde. The description is:

"Beginning at a point on the northwesterly side of Brooklyn and Newtown Turnpike, distant 478 feet, 1½ inches, S. W. Measured on N. W. line of said Turnpike, as the same runs from the southerly side of Cypress Hill Plank Road; running thence N. 63d. 47m. West along land lately sold by parties of first part to John Trummer 267 feet, 6 in.; thence S. 5d. 15m. West, 132 ft. 8 in.; thence south, 63d. 47m. East, 193 feet to the north west side of the Brooklyn & Newtown Turnpike; thence N. 31 d. 39 min. E. along the north-west side of said Turnpike, 67 ft. 10½ inches, thence north 26d. 13 min. east along the N. W. side of said Turnpike, 46 ft. 4½ inches, to the point or place of beginning."

This description excludes the highway. Several deeds of the land thereafter followed that description without change, until upon a fore-closure sale in 1877 the referee's deed conveyed the premises in the form of 50 lots "as laid down on a certain map entitled 'Map of Property Situate in the Eighteenth Ward of the City of Brooklyn Belonging to Mary Darling, John L. Nostrand, City Surveyor,'" and the description entirely changed in form excludes the Bushwich and Newtown turnpike road by carrying the line along the northwesterly side of it, but the deed specifically conveys such interest as the grantor has in the road. In 1872 Flushing and Jefferson avenues had been laid out, the former through the premises and the latter northeasterly thereof, and intersecting the old road. Dowling, the purchaser at the foreclosure sale, boldly appropriated so much of the old road as enabled him to bound lots sold by him on Jefferson avenue, and by such boundary the conveyance was finally made to the defendants. In this way Dowling took possession of a triangular piece of land that, as alleged, was a part of the Newtown and Bushwick road. But now is it shown that this triangle (1) was not owned and conveyed by Meserole and others, Wyckoff's heirs; (2) that it was a part of the Newtown and Bushwick turnpike. The map of the estate of Nicholas Wyckoff from the files of the register of Kings county, marked, "Map of Land belonging to Est. of Nicholas Wyckoff filed Mar. 14, 1848, surveyed by Benj. F. Willets Feb. 1848" (Exhibit 13), shows the "Newtown and Bushwick road and turnpike" running through the Wyckoff lands, and the Johnson map of 1874 shows the road running through the particular part of the land in question. Then there is the map of Mary Darling, who, in 1868, bought all the land by the description first given, whereon the land is laid out in lots, and shows "Old Road" running across the southeast corner of the defendants' land. Then there is the evidence

of Bartlett, who testifies from actual knowledge of the locality, and who in addition has plotted the land from deeds and maps, and who remembers the road. Then there is the opening map of Flushing avenue, showing the Brooklyn Newtown turnpike passing through the corner of the block. Finally, the witness Schumacher knew the "road called the 'Turnpike,' running from Brooklyn to Newtown," and "traveled on it over the premises affected by this controversy, and Flushing avenue was unknown at that time." The testimony of Stebbins gathers earlier existing facts relating to the locality, and shows that there was but one road and that it was of Dutch origin, and this accords with the decision of this court in Caminez v. Goodman, 119 App. Div. 484, 104 N. Y. Supp. 68, that the Brooklyn and Newtown road was a Dutch road, the title whereof vested in the city. Hence it is immaterial, as regards defendants' title, whether the road has been abandoned or closed. The defendants have not the title to the land in the road, and the city has such title, and the complaint so specifically alleges. This allegation permitted plaintiff to show that defendants never received such title from their predecessors in title. If Wyckoff had title to any part of the road, his heirs kept it and have it, as the evidence shows that they have made no conveyance, real or attempted, of it.

The title is not marketable by reason of the fact that the defendants have contracted to sell what they do not own.

The judgment should be reversed and a new trial granted, costs to abide the event. All concur.