(157 App. Div. 335.)

### VEIT v. McCAUSLAN.

(Supreme Court, Appellate Division, Second Department. May 23, 1913.)

1. DISMISSAL AND NONSUIT (§ 58*)—OBJECTION TO PLEADING—FAILURE TO STATE CAUSE OF ACTION.

The dismissal of a complaint upon motion, on the ground that it does not allege facts sufficient to constitute a cause of action, presents a question of pleading.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

2. COVENANTS (§ 114*)—ACTION FOR BREACH—SUFFICIENCY OF COMPLAINT.

A complaint, alleging that intestate executed and delivered to plaintiff a full covenant and warranty deed, containing a covenant that the grantor was seised in fee simple and had a good right to convey, and covenanted forever to warrant the title, but that the grantor was not seised in fee simple and had no title to or right to convey the premises, alleging payment of a consideration, a demand for repayment, and its refusal, stated a breach of the covenant of seisin, which may be sufficiently alleged by negativing the words of such covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 189–202, 263; Dec. Dig. § 114.*]

3. COVENANTS (§ 94*)—SEISIN—TIME OF BREACH.

A covenant of seisin is broken when the covenantor without title delivers the deed.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 104–109; Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. COVENANTS (§ 94*)—BREACH—NECESSITY OF EVICTION.

No eviction is necessary in order to maintain an action for breach of covenant of seisin.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 104–109; Dec. Dig. § 94.*]

5. PLEADING (§ 35*)—SURPLUSAGE—ACTION FOR BREACH OF COVENANT.

Where a complaint for breach of covenant set forth a sufficient cause of action for breach of covenant of seisin, as to which it is not necessary to show an eviction, a further allegation that defendant covenanted to warrant the title, as to which covenant recovery could not be had without establishing an eviction, should be treated as surplusage, and the complaint held to charge a breach of covenant of seisin.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. § 35.*]

Appeal from Trial Term, Kings County.

Action by Charles Veit against Antoinette F. K. McCauslan, as administratrix, etc., of Johanne Kemmna, deceased. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Felix Reifschneider, Jr., of New York City, for appellant.

Isaac N. Miller, of New York City, for respondent.

JENKS, P. 'J. This appeal is from a judgment entered upon the dismissal of the complaint at a Trial Term, upon a motion that neither of the causes of action alleged therein contains facts sufficient to constitute a cause of action. The learned counsel for the appellant states in his printed brief that the second separate cause of action "was abandoned by the plaintiff, and no judicial interpretation thereof was prayed for, at the time of the trial."

[1, 2] The question presented is one of pleading. Coppola v. Kraushaar, 102 App. Div. 306, 92 N. Y. Supp. 436; Staiger v. Klitz, 129 App. Div. 703, 114 N. Y. Supp. 486. The plaintiff complains in his first cause of action that Johanne Kemmna died intestate in 1910; that the defendant qualified as her administrator; that the said Kemmna, on or about November 30, 1906, executed and delivered to plaintiff a full covenant and warranty deed of certain described premises; that the said deed "contained a covenant that the said Johanne Kemmna was seised of the said premises in fee simple and had good right to convey the same, and the said Johanne Kemmna, in her said deed, so delivered as aforesaid to the plaintiff, covenanted forever to warrant the title to the said premises"; "that the said Johanne Kemmna, at the time of the execution and delivery of the aforesaid deed to plaintiff, was not seised in fee simple of the premises described in said deed, and never had title to said premises and had no right to convey the same, and that on said November 30, 1906, and for some time prior thereto, one Antoinette F. K. McCauslan was the owner in fee simple of the said premises described in said deed, and is still the owner thereof;" "that the said plaintiff, at the time of the execution and delivery of the aforesaid deed of said premises, paid to the said Johanne Kem-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mna the consideration or sum therefor of $900;" "that plaintiff, by reason of the premises, has sustained damages in the sum of $900, with interest thereon from the 30th day of November, 1906;" and "that on or about the 22d day of September, 1910, the plaintiff presented to the defendant for payment the aforesaid claim, duly verified, and on or about the 6th day of June, 1911, the said defendant rejected said claim and refused to pay the same."

[3] I think that the complaint may be sustained as pleading a breach of the covenant of seisin (section 253 of the Real Property Law [Consol. Laws 1909, c. 50]), which covenant was broken when Kemmna without title delivered the deed (Mygatt v. Coe, 124 N. Y. 212, 218, 26 N. E. 611, 11 L. R. A. 646). Negativing the words of such a covenant is sufficient allegation of a breach thereof. Kent's Comm. (14th Ed.) vol. 4, citing authorities. In Rickert v. Snyder, 9 Wend. 417, the court, per Savage, C. J., say:

"The rule as to the assignment of breaches on the various covenants in a deed is briefly and correctly stated by Chancellor Kent. 4 Kent, Comm. (2d Ed.) 479. In the covenant of seisin it is sufficient to allege the breach, by negativing the words of the covenant. The same rule must also apply to the covenant that the covenantor has good right to convey."

See, too, Abbott's Forms of Pleading, p. 422, note 1, citing authorities; Woolley v. Newcombe, 87 N. Y. 612.

[4] No eviction is necessary. Ency. of Pl. & Pr. vol. 5, p. 374; Shattuck v. Lamb, 65 N. Y. 510, 22 Am. Rep. 656; Rawle on Covenants for Title (5th Ed.) §§ 58, 62, 69.

[5] The various cases cited by the learned counsel for the respondent may be discriminated, in that they present covenants for quiet enjoyment or of general warranty, which, in the language of Savage, C. J., in Rickert's Case, supra, "require the assignment of a breach by a specific ouster, or eviction by paramount legal title." Although there is the allegation that Kemmna covenanted forever to warrant the title, there is no plea of a breach of such covenant, and the allegation may be disregarded as surplusage, and the complaint held to charge a breach of covenant of seisin.

It follows that the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.