KETCHAM, S. This appeal presents the question whether a gift made by the decedent, which was consummated by every ceremony essential to a gift inter vivos, was taxable as a gift made "in contemplation of the death of the * * * donor." Tax Law, § 220, subd. 4. While, after some confusion of authority, it is now fairly established that such gifts may be taxable, it is not essential in this case to consider all the varying conditions which may lead to the imposition of the tax. Two facts, appearing without denial or qualifications, require the finding that in this case the transfer was "in contemplation of death" and is taxable. The donor was a physician living in the household of the donee. Prior to the gift, in speaking of the donee and her husband to the one witness' whose statement is submitted, the decedent said that:

"The only relations he had was the people in the house and that is the only people he had and the people that took care of him, * * * and if anything should happen to him that he would see that they would be well taken care of for the rest of their days, because they had treated him just the same as a mother or father."

The decedent, having delivered the gift at about 10:30 in the evening, was observed at 12 o'clock of the same night by this witness, who says:

"When I came down in his office he had them things the doctor has to test his chest, testing his chest, and when he saw me he dropped them, and I asked him was he ill, and he said no."

Except for this statement, the decedent was apparently in his ordinary health when the gift was made. At about 2 o'clock the following morning he was found upon the stairs of his dwelling, dead. The cause of his death is not shown. Where a gift was bestowed by a physician who was on the same evening making a stethoscopic examination of his own chest and who had long intended to make provisions for the donee, to take effect on his death, and except for such gift had made no such provision, the transfer, though inter vivos, is taxable.

The order is affirmed.

---

(86 Misc. Rep. 367)

### In re HODGES' ESTATE.

(Surrogate's Court, New York County. June 23, 1914.)

1. TAXATION (§ 879*)—TRANSFER TAX—GIFTS IN CONTEMPLATION OF DEATH.
   Decedent retired from business because of failing health in the spring of 1912. On January 13th he told his wife that he was not satisfied with the provisions of his will for her benefit and desired to make a present of some of his securities. He then gave her certain shares of corporate stock, and on January 20th gave her certain bonds, while confined to his bed, and died January 31st thereafter. *Held*, that the gift was made in contemplation of death and subject to transfer taxation as provided by Tax Law (Consol. Laws, c. 60) § 220, subd. 4.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

2. TAXATION (§ 886½*)—TRANSFER TAX—GIFTS INTER VIVOS—CONTEMPLA-
TION OF DEATH—GIFT BY WILL—RATE OF TAXATION.

Tax Law (Consol. Laws, c. 60) § 220, as amended by Laws 1911, c. 732, provides for a tax on transfers or gift made in contemplation of the death of the grantor or donor; section 221a declares that on a transfer, taxable under the act, of property in excess of $5,000 to a father, mother, wife, etc., the tax shall be at the rate of 1 per cent. on any amount in excess of $5,000 up to $50,000. *Held* that, where decedent prior to his death made a valid gift of securities to his wife in contemplation of death and by his will transferred to her other property, the transfers were taxable separately and could not be added for the purpose of determining the rate of taxation applicable thereto.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

3. STATUTES (§ 245*)—CONSTRUCTION—REVENUE STATUTE.

A statute imposing a tax is to be strictly construed in favor of the citizen.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 326; Dec. Dig. § 245.*]

Judicial settlement of the estate of Frank F. Hodges, deceased. From an order assessing a transfer tax on the interest of decedent's widow, she appeals. Modified.

Arthur S. Luria, of New York City, for Emma F. Hodges.

Thomas E. Rush, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for State Comptroller.

FOWLER, S. [1] The appeal taken by decedent's widow from the order assessing a tax upon her interest in his estate brings up for review the following findings made by the appraiser: First, that the stocks and bonds which the decedent gave to his wife about three weeks before his death constituted a gift in contemplation of death; second, that the value of the gift should be added to the value of her legacy under the will for the purpose of determining the rate of taxation at which her interest should be assessed. Decedent died on January 31, 1913. He had been ill since August, 1912, although he was not confined to his bed until about one week before he died. Prior to the spring of 1912 he had been actively engaged in business, but his failing health caused his retirement about that time. He had not been able to go out of his house for about one month before his death. On January 13, 1913, he said to his wife that he was not satisfied with the provisions contained in his will for her benefit; that he wanted to make her a present of some of his securities. He then gave her a number of shares of stock. On the 20th of January, 1913, he gave her bonds of the par value of $50,000. When he gave her the bonds he was so sick that he was confined to his bed. He died 13 days thereafter. His wife took the stocks and bonds and placed them in a safe deposit box which she had rented in her own name. As the decedent had been growing weaker from August, 1912, until the date of his death, and as his enfeebled condition about the first of January rendered it impossible for him to leave his home, he must have been conscious about that time of the probability of his early demise. That he apprehended his early dissolution is manifest from the fact that he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expressed dissatisfaction with the provisions of his will for the benefit of his wife and desired to supplement such provisions with gifts of substantial value. His failing health, his enfeebled condition at the time he gave the stocks and bonds to his wife, and his remark that he was not satisfied with the provisions of his will, lead irresistibly to the conclusion that at the time he made the gift he apprehended his early dissolution and that the gift was made in contemplation of his death. Matter of Birdsall, 22 Misc. Rep. 180, 49 N. Y. Supp. 450, affirmed 43 App. Div. 624, 60 N. Y. Supp. 1133; Matter of Price, 62 Misc. Rep. 149, 116 N. Y. Supp. 283; Matter of Thompson, 147 N. Y. Supp. 157; Matter of Dee, 148 N. Y. Supp. 423, opinion reported in Chrystie on Inheritance Taxation, p. 645, affirmed 210 N. Y. 625, 104 N. E. 1128.

[2] The question whether the value of a gift made in contemplation of death should be added to the value of a legacy bequeathed to the same individual, for the purpose of determining the rate of taxation at which it should be assessed, does not appear to have been passed upon by any of the reported cases in this state. The question was not material until the enactment of chapter 706 of the Laws of 1910, because prior to that time the rate of taxation was not dependent upon the value of the legacy, but upon the relationship of the beneficiary to the decedent. Since the passage of that act the rate of taxation is dependent upon the value of the legacy or transfer as well as upon the relationship of the beneficiary to the decedent. But if the value of a gift in contemplation of death is not to be added to the value of a legacy for purposes of taxation, but is to be taxed separately, is the exemption allowed by statute to be deducted from the value of the transfer effected by a gift in contemplation of death, as well as from the amount bequeathed to the same individual by the will of the grantor? Section 220 of chapter 732 of the Laws of 1911, which was the tax law in force at the time of decedent's death, provides as follows:

"A tax shall be and is hereby imposed upon the transfer of any tangible or intangible property * * * when the transfer is * * * made by a resident * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor or donor. * * *"

Section 221a reads:

"Upon a transfer taxable under this article of property * * * of an amount in excess of the value of $5,000 to a father, mother, * * * wife * * * the tax on such transfer shall be at the rate of one per cent. on any amount in excess of $5,000 up to the sum of $50,000."

Section 243 defines the word "property" to mean the property or interest therein passing or transferred to individual legatees, and not the property or interest therein of the decedent, grantor, or donor. Section 223 provides that all taxes shall be due and payable at the time of the transfer, except when the value of the property transferred cannot be ascertained.

It will be noted that the tax is imposed "on a transfer taxable under this article." Section 220 specifies four different ways in which a taxable transfer may be made. When property is transferred in any

of the four ways a taxable transfer is effected. It is obvious therefore that the tax prescribed by section 221a is to be assessed upon the value of the property transferred in any of the ways mentioned in section 220, and not upon the aggregate value of such transfers. The stocks and bonds which the decedent gave to his wife a few weeks before his death, and which constituted a gift in contemplation of death, became her property as soon as they were delivered to her. The transfer was then complete, and it was a transfer in contemplation of death within the meaning of subdivision 4 of section 220 of the Tax Law, and subject to the payment of a transfer tax. Under section 222 such tax became due and payable immediately upon the completion of the transfer. The death of the grantor was not necessary to the validity of the gift or the completion of the transfer so long as the gift was not made under circumstances which would constitute it a gift causa mortis. The delivery of the stocks and bonds constituted a transfer which was entirely independent of the transfer effected by decedent's will. As the tax is imposed upon "a transfer," it would seem that the transfer effected by the delivery of the stocks and bonds to the decedent's wife is taxable independently of the transfer effected by his will, and that the tax on the value of each transfer should be assessed at the rate prescribed by section 221a. The gift made in contemplation of death is "a transfer taxable under this article" within the meaning of section 221a, and it is therefore entitled to the exemption prescribed by that section. It is not entirely clear to me that it was the intention of the Legislature that each transfer should be entitled to the exemption prescribed by section 221a; it would be more in harmony with the general scope and purpose of the tax law to infer that the Legislature intended that only one exemption should be deducted from the total value of the transfers made by a decedent, and that the rates of taxation should apply to the sum of all transfers whenever effected. But the language of the statute allowing such exemptions upon "a transfer" and providing for the rate of taxation assessable upon such transfer is clear and free from ambiguity. Besides, the statute should be strictly construed in favor of the citizen. Matter of Enston, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464; Matter of Cooley, 186 N. Y. 227, 78 N. E. 939, 10 L. R. A. (N. S.) 1010; Matter of Mergentime, 129 App. Div. 367, 113 N. Y. Supp. 948, affirmed 195 N. Y. 572, 88 N. E. 1125.

[3] It would therefore appear that the stocks and bonds which the decedent gave to his wife a few weeks before his death, and which the appraiser found to be of the value of $90,787.90, constituted a gift made by the decedent to his wife in contemplation of his death, and that in the order fixing tax it should not be added to the value of the legacies given to her in his will, but that both transfers should be taxed independently of each other.

The order fixing tax will be modified accordingly.