(165 App. Div. 189)

## HILLIKER v. RUEGER et al.

(Supreme Court, Appellate Division, Second Department.   December 24, 1914.)

1. COVENANTS (§ 125*)—BREACH—DAMAGES—"COVENANT OF SEISIN"—SUBSTANTIAL DAMAGES.

Under Real Property Law (Consol. Laws, c. 50) § 253, providing that a "covenant of seisin" means that the grantor is lawfully seised of a good title in fee simple in all the premises and has a right to convey the same, a grantee may recover substantial damages for breach of a covenant of seisin by failure of title to part of the premises, though there has been no eviction.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 231–236, 257; Dec. Dig. § 125.*

For other definitions, see Words and Phrases, Second Series, Covenant of Seisin.]

2. COVENANTS (§ 132*)—BREACH—DAMAGES—COVENANT OF SEISIN—SUBSTANTIAL DAMAGES.

In an action for breach of the covenant of seisin, the cost of satisfying a judgment against the covenantee in favor of one to whom he had contracted to sell the property is too remote to be recoverable as damages; but the covenantee may recover the difference between the consideration paid and the value of the part of the property of which the grantor was seised, as well as the attorney's fees incurred in defending the action by the purchaser from the covenantee.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 260–262; Dec. Dig. § 132.*]

Appeal from Trial Term, Kings County.

Action by John H. Hilliker against Emily Rueger and another, individually and as surviving executrices of John Rueger, deceased, and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

James Moffett, of Brooklyn, for appellants.
Fred L. Gross, of Brooklyn, for respondent.

JENKS, P. J.   This action is to recover damages by grantee against the legal representatives of his grantors for a breach of a covenant of seisin.   The grantors covenanted that they "are seised of the said premises in fee simple, and have good right to convey the same."   Subsequent to the conveyance the grantee contracted to sell the premises to Schaefer, who refused to take title, in that it was unmarketable, and brought an action for the money paid on account of the contract.   It finally was determined in that action that the said grantee did not have title to a part of the premises.   Schaefer v. Hilliker, 140 App. Div. 173, 124 N. Y. Supp. 1014, affirmed 206 N. Y. 708, 99 N. E. 1117. The consequent judgment was paid.   These defendants had notice of the action and opportunity to defend the title then assailed.   This present case was tried on consent by the court without a jury.   The court, as a conclusion of law, decided that by reason of the breach of the covenant of seisin the plaintiff had sustained damages for $1,200,

being the difference between $7,000, the consideration paid, and $5,800, the proportionate value of that part of the premises of which the grantor was seised at the time of conveyance, with interest; also for $1,500, the amount expended by plaintiff for counsel fees and fees for attorney's services in the said ·action of Schaefer v. Hilliker, with interest, and also 'for $823, which represented the sum paid by plaintiff in satisfaction of the judgment recovered in the said action of Schaefer v. Hilliker.

[1] The learned counsel for the appellant, conceding that an eviction is not essential to an action of this character (Veit v. McCauslan, 157 App. Div. 335, 142 N. Y. Supp. 281, affirmed 107 N. E. 1087 [December, 1914]; Pollard v. Dwight, 4 Cranch [8 U. S.] 421, 2 L. Ed. 666), insists that there must be an eviction, actual or constructive, to justify the recovery of substantial damages, and we are cited to text-books and to decisions in other states. But the covenant in this case is not satisfied by possession. It must be construed to mean that the grantor, at the time of conveyance lawfully seised of a good, absolute, and indefeasible estate of inheritance in fee simple, had the full power to convey the same by the conveyance. Real Property Law, § 253. See Reeves on Real Property, vol. 2, p. 1522, note a, and authorities cited. That learned author well says:

"This is very clearly the covenant of seisin in its broad, general aspect."

It was broken, if at all, when the deed was delivered. And in an action upon such a covenant I think that proof of eviction or ouster was not essential to the recovery of substantial damages. Le Roy v. Beard, 8 How. 451, 12 L. Ed. 1151; Rickert v. Snyder, 9 Wend. 416; Parker v. Brown, 15 N. H. 176, 188; Tone v. Wilson, 81 Ill. 529; Fitzhugh v. Croghan, 2 J. J. Marsh. (Ky.) 429, 19 Am. Dec. 139; Brandt v. Foster, 5 Iowa, 287. There is a discrimination to be made between seisin construed according to our statute and seisin construed to mean but actual possession with assertion of freehold estate, as, ·e. g., in Massachusetts. Reeves, supra, 1521. See, too, Kent's Com. (14th Ed.) star page 471, notes "c" and "d."

[2] I think that the plaintiff was not entitled to recover the said item of $800, or any other amount that represented the cost of satisfying the said judgment in Schaefer v. Hilliker, inasmuch as such element of damage was too remote, and was not within the contemplation of the parties. Dale v. Shively, 8 Kan. 276; Jewett v. Fisher, 9 Kan. App. 630, 58 Pac. 1023; Stearn v Hesdorfer, 9 Misc. Rep. 134, 29 N. Y. Supp. 281 (Gen. Term, Com. Pleas). I think that he was entitled to recover the other items, the first for the reasons stated heretofore, and the second upon the authority of Olmstead v. Rawson, 188 N. Y. 517, 81 N. E. 456.

The point often urged in many of the cases, that it is inequitable that the grantee should have the land and the consideration as well, is answered in Parker v. Brown, supra, 15 N. H. at page 188.

It is contended that the court erred in the rule of damages relevant to the consideration. When the learned counsel for the defendants addressed a question which correctly stated the rule, the court did make a suggestion which, if adopted, is within the express considera-

tion of Hunt v. Raplee, 44 Hun, 149–155; but when the counsel objected, the court said to counsel, "Take it your way," and, moreover, I think that the wording of the conclusion in the decision indicates that the court observed the rule.

The judgment is modified, in accordance with the terms of this opinion, the interest upon the item of $1,200 is limited to a period of six years from May 1, 1905, and, as so modified, it is affirmed, without the costs of this appeal. All concur, except CARR, J., not voting.