and order reversed, with costs, unless plaintiff stipulate to reduce verdict to the sum of $3,000, in which event the judgment, as so reduced, and the order appealed from, are affirmed, without costs. Settle order on notice. See, also, 160 App. Div. 917, 145 N. Y. Supp. 696.

HAUS v. ERIE R. CO. (Supreme Court, Appellate Division, First Department. April 16, 1915.) Action by Mabel K. Haus against the Erie Railroad Company. No opinion. Application denied, with $10 costs. Order signed. See, also, 151 N. Y. Supp. 919.

In re HAYES. (Supreme Court, Appellate Division, First Department. November 13, 1914.) In the matter of William A. Hayes. No opinion. Motion granted to the extent stated in memorandum per curiam. Settle order on notice.

HEDGES, Respondent, v. PIONEER IRON WORKS, Appellant. (Supreme Court, Appellate Division, Second Department. April 23, 1915.) Action by Dayton Hedges against the Pioneer Iron Works.

PER CURIAM. Without determining whether the amended complaint is sufficient in law, we think that plaintiff should be permitted to serve the same. As terms of the amendment, defendant is entitled to receive its full taxable costs and disbursements of the action to date. Whether the sum allowed ($100) is equal to these or not, we are not in a position to determine. Defendant may, at its election, either receive, as terms of the amendment, such taxable costs and disbursements, but without any extra allowance, or the sum allowed by the learned justice at Special Term. The order, as thus modified, is affirmed, without costs. See, also, 151 N. Y. Supp. 495.

HENRY OESTREICHER CO. v. WINTERS. (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by the Henry Oestreicher Company against Marie E. Winters. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

HERZOG v. GUNTHER. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by Veronica Herzog against Adolph Gunther. No opinion. Motion granted, with $10 costs. Order filed.

HESS, Respondent, v. INTERNATIONAL RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1915.) Action by Henrietta Hess against the International Railway Company.

PER CURIAM. Judgment and order affirmed, with costs.

MERRELL, J., dissents, upon the ground that the plaintiff failed to establish by a preponderance of evidence that she would have slipped, had there been no water on the steps, as required by the charge of the court.

In re HILL. (Supreme Court, Appellate Division, First Department. March 19, 1915.) In the matter of Marie Hill. No opinion. Motion denied, with $10 costs. Order filed. See, also, 151 N. Y. Supp. 791.

HILLIKER, Respondent, v. RUEGER et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 5, 1915.) Action by John H. Hilliker against Emily Rueger and another, individually and as surviving executrices, etc., and others. No opinion. Motion for leave to appeal (in 165 App. Div. 189, 151 N. Y. Supp. 234) to the Court of Appeals denied, as leave is unnecessary.

HIRSCH et al., Respondents, v. S. HYMAN CO., Appellant. (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by Robert B. Hirsch and others against the S. Hyman Company. J. M. Schoenfeld, of New York City, for appellant. E. L. Mooney, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re HODGES. (Supreme Court, Appellate Division, First Department. April 23, 1915.) In the matter of Frank F. Hodges, deceased.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Fowler, S. (in 86 Misc. Rep. 367, 148 N. Y. Supp. 424). Order filed.

CLARKE, J., dissents.

HOFFMAN et al., Respondents, v. COLUMBIA-KNICKERBOCKER TRUST CO., Appellant. (No. 7008.) (Supreme Court, Appellate Division, First Department. April 9, 1915.) Appeal from Special Term, New York County. Action by Sadie Estelle Hoffman, administratrix of Charles R. Hoffman, deceased, and another, against the Columbia-Knickerbocker Trust Company. From a judgment for plaintiffs, on a decision after a trial at Special Term, defendant appeals. Affirmed. Julien T. Davies, Jr., of New York City, for appellant. Edward Stetson Griffing, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs. Order filed.

HOTCHKISS, J. (dissenting). The action was for possession of the bonds, or, in default thereof, for the amount of the plaintiff's debt covered by the attachment. It is not clear to me that, under the circumstances, any possessory action would lie; but, if it would, when it appeared that possession could not be had, plaintiffs were entitled to no more than compensation for what they had lost. The respondent says in his brief, "The value of the security is immaterial," and this seems to have been the theory of the complaint, which contains no allegation of the value of the bonds, nor did the court make any finding of such value. Whether there is any presumption to be universally applied that an *individual* is prima facie solvent and able to pay his debts, or whether the rule is merely that, where a party urges as his defense the insolvency of another, it is