JOHN H. HILLIKER, Respondent and Appellant, v. EMILY RUEGER et al., Individually and as Executrices of JOHN RUEGER, Deceased, et al., Appellants and Respondents.

Real property — contract of sale — action to recover under covenant of seizin must show a failure of title — evidence examined, and held, insufficient to sustain judgment for plaintiff.

Defendant's testator and his wife in a conveyance to plaintiff of certain real property covenanted that they were seized of the premises in fee simple and had good right to convey the same. Plaintiff thereafter entered into a contract for the sale of the property so conveyed, the vendee paying a sum thereon which he subsequently brought an action to recover back on the ground that neither the vendor nor his grantor had title in fee thereto, of which action the defendants therein gave notice to the defendants in the present action. In that action the trial court held that the vendor had a good and marketable title. On appeal the Appellate Division held, "The title is not marketable by reason of the fact that the defendants have contracted to sell what they do not own," which judgment was affirmed in this court, without opinion. One of the defendants in that action, who is the plaintiff herein, was required to pay the judgment, and thereupon brought this action against his grantor's successors in title to recover upon the covenant. On the trial the only evidence offered by him was the record of the judgment in the action against him, which was offered to show what was determined

in that action, and not as proof of the facts testified to by the witnesses. *Held,* that to establish that a title is not marketable it is not essential to show a complete failure of title; that the decision of this court was not necessarily one to the effect that the defendant's title was not good, since all that was necessary to be held was that there was a sufficient controversy about the title so that the plaintiff in that action should not be required to carry out his contract of purchase. The plaintiff here to recover under the covenant of seizin must show a failure of title, and he has not sustained the burden resting upon him by simply putting in evidence the record in the former action, since that is not its necessary effect.

*Hilliker* v. *Rueger,* 165 App. Div. 189, reversed.

(Argued October 20, 1916; decided November 28, 1916.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1915, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fred L. Gross* for plaintiff, respondent and appellant. The trial court and the Appellate Division correctly held that an eviction is not necessary for the recovery of substantial damages for breach of a covenant of seizin. (*Veit* v. *McCauslan,* 157 App. Div. 335; 213 N. Y. 678; *Pollard* v. *Dwight,* 8 U. S. 421; *Roake* v. *Sullivan,* 69 Misc. Rep. 429; *Kent* v. *Welch,* 7 Johns. 258; 2 Reeves on Real Prop. 1521, 1522; *Seyfried* v. *Knoblauch,* 44 Col. 86; *Hayden* v. *Patterson,* 39 Col. 15; *Frazer* v. *Supervisors,* 74 Ill. 282; *Tone* v. *Wilson,* 81 Ill. 529; *Clapp* v. *Herdman,* 25 Ill. App. 509.) The defendants' contention that an eviction is necessary to sustain a recovery of substantial damages for breach of the covenant of seizin ignores the law of this state, and proceeds upon a misapprehension of the nature of the seizin required under a statutory covenant of seizin. (*Seyfried*

v. *Knoblauch,* 44 Col. 86; *Frazer* v. *Supervisors,* 74 Ill. 282; *Tone* v. *Wilson,* 81 Ill. 529; *Clapp* v. *Herdman,* 25 Ill App. 509; *Nichols* v. *Nichols,* 5 Hun, 108; *Lambert* v. *Estes,* 99 Mo. 604; *Herrington* v. *Clark,* 56 Kan. 644.) In order to conclude a covenantor by an adjudication in a former action it is not essential that the former action should be one directly seeking to oust the grantee from possession, as by ejectment or otherwise. The judgment in any action in which the validity of the title is disputed is *prima facie* evidence against the covenantor, and if he had notice of the former action he is conclusively bound by the judgment. (*Hicks* v. *Pearsall,* 164 App. Div. 721; *Browning* v. *Stowell,* 42 Misc. Rep. 346; 93 App. Div. 613; 182 N. Y. 538; *Finton* v. *Eggleston,* 61 Hun, 246; *Jacobs* v. *Town of Oyster Bay,* 109 App. Div. 630; *Place* v. *Rogers,* 101 App. Div. 193; *O'Reilly* v. *Sweeney,* 54 Misc. Rep. 409; *Kosower* v. *Sandler,* 49 Misc. Rep. 443; *Malone* v. *Weil,* 67 App. Div. 169.) It is not the form of the actions, but the facts litigated in each, which determines the conclusiveness of the prior judgment. (*Lamb* v. *Norcross Bros. Co.,* 208 N.Y. 427; *Hasbrouck* v. *Hanshe,* 88 Misc. Rep. 578; *Prescott* v. *Le Conte,* 83 App. Div. 482; 178 N. Y. 585.)

*E. V. B. Getty* and *Robert E. Moffett* for defendants, appellants and respondents. There is no proper proof that the title was not good in fact. (*Clark* v. *Scovill,* 198 N. Y. 279; *Wilson* v. *Parshall,* 129 N. Y. 223; *Woolley* v. *Newcombe,* 87 N. Y. 608; *Stearn* v. *Hesdorfer,* 9 Misc. Rep. 134; Maupin on Title [2d ed.], 262, 277; *House* v. *Lockwood,* 137 N. Y. 259; *People* v. *Johnson,* 38 N. Y. 63; *Campbell* v. *Consalus,* 25 N. Y. 613; *Canhape* v. *Parke, Davis & Co.,* 121 N. Y. 152.) The trial court should have dismissed plaintiff's complaint as there was no breach of the covenant of seizin shown. (*Barber* v. *Woolf,* 216 N. Y. 7; *Astor* v. *Thwaite,* 170 App. Div. 624; *Van Winkle* v. *Van Winkle,* 184 N. Y. 203.) The

contention by plaintiff that no eviction or ouster is necessary to sustain a recovery of substantial damage because under the statute the covenant is not satisfied by possession is not borne out. (*Churchill* v. *Onderdonk,* 59 N. Y. 134; *Brown* v. *Volkensing,* 64 N. Y. 80; *Mygatt* v. *Coe,* 147 N. Y. 470; *73d Street Bldg. Co.* v. *Jencks,* 19 App. Div. 314.)

CHASE, J.  In 1905 the defendants Ruegers' testator and his wife conveyed to the plaintiff and his wife as tenants by the entirety, certain real property in the borough of Brooklyn, for which the plaintiff and his wife paid and secured to be paid the sum of $7,000. In the conveyance Rueger covenanted "That the said parties of the first part [Rueger and wife] are seized of the said premises in fee simple and have good right to convey the same." Subsequently and in 1905 Rueger died leaving a last will, which has been duly probated, and the defendants Rueger are the executrices of his will and they individually, and the other defendants are the residuary legatees under said will except as the share of the defendant Pflug is held in trust as in the will provided.

In 1907 the plaintiff and his wife entered into a contract to convey to one Schaefer the property so purchased by them of Rueger. Schaefer paid on account of the contract five hundred dollars. He subsequently brought an action against the plaintiff and his wife to recover the five hundred dollars so paid by him and the expenses incurred by him in connection with said contract. In the complaint he alleged that prior to 1871 the Newtown and Bushwick turnpike road ran through the premises so contracted to be sold and that "At no time in the history of the title to the said premises so contracted to be sold did the defendants or their grantors or any of their predecessors in title have or hold the title to or fee in any part of the lands included in the said Newtown and Bushwick turnpike road."

22

Also, "That the title to that part of said premises so contracted to be sold which was formerly part of said old road was in the city of New York." Also, "That the defendants at said times specified were unable and have since remained wholly unable to convey to this plaintiff a good and marketable title and that they have failed entirely to perform their said agreement."

After the commencement of the action by Schaefer the defendants in that action served upon all of the persons now defendants in this action a notice which stated that the said Rueger "and his preceding grantors in interest did not have title and has not now and never did have title to the portion of said premises" described in the deed which lies in the old road called Newtown and Bushwick turnpike road being part of one front of the premises conveyed.

It further stated "That the claim of the plaintiff is that the title of the defendants to the premises above described is unmarketable and not good in that the title to the front of said premises on Jefferson street is in the city of New York and was never in defendants nor John Rueger or his or their predecessors in interest."

The notice called upon the defendants in this action to defend the title of the defendant in that action. On the trial of the action of *Schaefer* v. *Hilliker* it was found by the court:

"That a small triangular piece on the Jefferson street frontage of the property contracted to be sold by defendants to the plaintiff was within the limits of the Newtown and Bushwick Turnpike Road as that road existed prior to 1871."

Also, "That the small triangular piece of land on the Jefferson street frontage of the property contracted to be sold by the defendants to the plaintiff was not within the limits of the old Dutch road or the road-bed thereof as the said road existed at the time of the capitulation of the Dutch to the English in 1664."

Also, "That the old Dutch road or the road-bed thereof was not within the limits or boundaries of the Newtown and Bushwick Turnpike road as the same existed in the year 1871 and prior thereto at the point or location of a small triangular piece of land on the Jefferson street frontage of the property contracted to be sold by the defendants to the plaintiff."

Also, "That after said change in the location of said Newtown and Bushwick Turnpike in 1871 said small triangular piece of land on the Jefferson street frontage of the property contracted to be sold ceased to be subject to the easement in favor of the public as a highway and defendants and their predecessors in title thereafter held the fee of the same freed from such easement and the title thereto did not vest in the City of New York."

Also, "That the title of the defendants to the land contracted to be sold by them to the plaintiff is good and marketable and the title thereto is now vested in the defendants."

Judgment was entered upon said decision dismissing the plaintiff's complaint on the merits. An appeal was taken from said judgment to the Appellate Division, where the judgment so appealed from was reversed and a new trial granted. In the opinion it is said: "The title is not marketable, by reason of the fact that the defendants have contracted to sell what they do not own." (*Schaefer* v. *Hilliker*, 140 App. Div. 173.)

The defendants appealed to this court and gave a stipulation for judgment absolute against them in case of an affirmance by the Court of Appeals of the order of the Appellate Division. The judgment was affirmed in this court without opinion. (*Schaefer* v. *Hilliker*, 206 N. Y. 708.) The plaintiff in this action, one of the defendants in the Schaefer action, was required to pay the judgment entered against him in the action brought by Schaefer.

Mary E. Hilliker, the wife of the plaintiff, died August

20, 1910, leaving the plaintiff the surviving tenant by the entirety.

The plaintiff brought this action in 1912 upon the covenant in the deed from Rueger and wife that we have quoted above to recover his damages because of the alleged breach of said covenant. The action is based upon the allegation " That the said John Rueger, deceased, on the 1st day of May, 1905, was not nor was he at any time seized and possessed in fee simple of the premises described in said deed nor were his predecessors in interest ever seized in fee simple of said premises nor were the heirs of said John Rueger, deceased, at any time seized in fee simple of the said premises, but title thereto was at the time of said conveyance and still is in the City of New York."

The defendants answered the complaint of the plaintiff and asked that his complaint be dismissed. On the trial of this action the only evidence upon which it is claimed that the plaintiff sustained his cause of action was the record from the county clerk's office in the said action of *Schaefer* v. *Hilliker.* The record was offered to show what was determined in that action and not as proof of the facts testified to by the witnesses therein. The record is not proof of the facts testified to by the witnesses as affirmative evidence in this case, even if it appears that there is a transcript of such testimony included as a part of the record.

The plaintiff's claim is that the title of the part of the premises in question was determined in the Schaefer action not to be in the said Rueger at the time of said conveyance or at any time thereafter, and that the defendants in this action are bound by that determination because of the notice that was given to them to defend such action. The action brought by Schaefer was to avoid being required to perform the contract by which he had promised and agreed to purchase the premises conveyed by the deed from Rueger to Hilliker. The real

claim of the plaintiff in that action was that the title to the property was not marketable.

To establish that a title is not marketable it is not essential to show a complete failure of title. In *Heller* v. *Cohen* (154 N. Y. 299, 306) this court, referring to the rules applicable to an action for specific performance, say: "To entitle a vendor to specific performance, he must be able to tender a marketable title. A purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one that, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value. If it may be fairly questioned, specific performance will be refused." (*Wanser* v. *De Nyse*, 188 N. Y. 378; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495, 506.)

The rule stated in the *Heller* case was the rule applicable in the *Schaefer* case. It appears from the pleadings in the *Schaefer* case that the plaintiff therein claimed that the part of the property included in his contract was once within the bounds of an old turnpike road that existed as a public highway or road before the capitulation of the Dutch to the English in 1664, and that the title to such piece of land is now in the city of New York.

It further appears that there is a controversy as to just where the old Dutch road was actually located and as to the several steps whereby the open and used streets which adjoin the lands described in the deed were laid out or accepted by the city, and the lands formerly in said turnpike road and perhaps in the old Dutch road became inclosed within and apparently a part of the lands of Rueger and subsequently of Hilliker.

The court at Trial Term in that case held, as we have already stated, that while the triangular piece of land was within the limits of the Newtown and Bushwick

turnpike road as that road existed prior to 1871, it ceased to be a part of the public highway in 1871. It also held that the triangular piece of land was not within the old Dutch road as it existed in 1664 and that the title of the plaintiff was marketable.

In the Appellate Division no findings were made. There was an unqualified reversal of the judgment in the Trial Term and a new trial was granted. All that was necessary for the Appellate Division to find to sustain a reversal was that the title was unmarketable. There was a discussion in the opinion at the Appellate Division as to the title to a part of the land included in the contract and it was asserted that the title to that part of the land in controversy was unmarketable. The court added in the opinion that it was unmarketable because the title was not good, but the actual determination by the Appellate Division was confined to granting a new trial.

On appeal to this court the order of the Appellate Division was affirmed and judgment absolute was directed against the defendants on the stipulation. The decision of this court was not necessarily one to the effect that the defendant's title was not good. All that was necessary for this court to hold was that there was a sufficient controversy about the title so that the plaintiff in that action should not be required to carry out his contract of purchase. The judgment absolute in this court fully established Schaefer's cause of action, which was that upon the facts alleged he should be relieved from his contract to purchase the real property described in the contract with Hilliker and have returned to him the amount paid thereon with his damages.

The plaintiff to recover under the covenant of seizin in this action must show a failure of title. We do not think he sustained the burden resting upon him by simply putting in evidence the record in *Schaefer* v. *Hilliker.* The judgment in that case does not establish a failure of

title unless that is its *necessary effect.* (*Clark* v. *Scovill,* 198 N. Y. 279.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch., CUDDEBACK and CARDOZO, JJ., concur; COLLIN and POUND, JJ., dissent.

Judgment reversed, etc.