JOHN H. HILLIKER, Respondent, *v.* EMILY RUEGER et al., Individually and as Executrices of JOHN RUEGER, Deceased, et al., Appellants.

**Real property — deed — covenant of seizin — when action for breach of covenant lies — damages — costs and expenses allowed only in action making direct attack on title.**

1. A covenant of seizin means that the grantor, at the time of the conveyance, was lawfully seized of a good, absolute and indefeasible estate of inheritance in fee simple and had power to convey the same (Real Prop. Law [Cons. L. ch. 50], § 253); and if the covenant be broken by the failure of title then an action can at once be maintained to recover the damages sustained as the direct result of the breach.  It is not essential in an action to recover damages for such breach that the grantee should be evicted.

# 12 HILLIKER *v.* RUEGER.

2. Where the grantors in a conveyance did not have title to a part of the land which they conveyed to plaintiff, there was a breach of the covenant of seizin which entitled the plaintiff to whatever damages he had sustained by it, but where the plaintiff subsequently contracted to sell and convey the land in fee simple, and the purchaser refused to complete the contract and brought an action to recover the deposit paid on the ground that the title was unmarketable, and it was held in such action that plaintiff did not have a marketable title to part of the premises, and plaintiff thereafter brought this action to recover the damages alleged to have been sustained by reason of defendants' breach of the covenant of seizin, he is not entitled to recover attorney's and counsel fees paid by him in defending the action brought by the purchaser who refused to accept the title as unmarketable. It is the rule that costs and expenses including counsel fees can only be allowed when a direct attack is made upon the title. The action in which plaintiff paid such costs and expenses was not a direct attack upon the title. Hence only damages can be recovered. (*Hilliker* v. *Rueger*, 219 N. Y. 334, followed.)

*Hilliker* v. *Rueger*, 183 App. Div. 947, modified.

(Argued December 11, 1919; decided January 20, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 1, 1918, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Elwell Moffett* and *Edward A. V. Sothen* for appellants. The plaintiff was in no event entitled to recover expenses of litigation. (*Roake* v. *Sullivan*, 69 Misc. Rep. 429; *Dale* v. *Shively*, 8 Kan. 276; *Jewett* v. *Fischer*, 9 Kan. App. 630; *Harding* v. *Larkins*, 41 Ill. 413; *Bishop* v. *Hendrick*, 82 Hun, 323; *Fallon* v. *Wright*, 82 App. Div. 193; *C. T. S. D. & S. Co.* v. *American Brewing Co.*, 88 App. Div. 383.) Even if the title to the triangular piece is assumed to be bad, plaintiff can recover no more than nominal damages, until there has been an eviction, actual or constructive. (*Staats* v. *Ten Eyck*, 3 Caines, 111; *Pitcher* v. *Livingston*, 4 Johns. 1; *Bennett* v. *Jenkins*, 13 Johns. 50;

*Bingham* v. *Weiderwax,* 1 N. Y. 509; *Campbell* v. *Bentley,* 159 App. Div. 522; *Hunt* v. *Hay,* 156 App. Div. 138; *Hymes* v. *Estey,* 133 N. Y. 342; 2 Washburn on Real Property [2d ed.], 728; *Veit* v. *McCauslan,* 157 App. Div. 355; *Pollard* v. *Dwight,* 8 U. S. 421; *U. C. S. V. R. R. Co.* v. *Gates,* 8 App. Div. 181.)

*Fred L. Gross* for respondent. An eviction is not necessary for the recovery of substantial damages for breach of the covenant of seizin. (*Veit* v. *McCauslan,* 157 App. Div. 335; 213 N. Y. 678; *Pollard* v. *Dwight,* 8 U. S. 421; *Roake* v. *Sullivan,* 69 Misc. Rep. 429; *Kent* v. *Welch,* 7 Johns. 258; 2 Reeves on Real Prop. 1521, 1522; *Seyfried* v. *Knoblauch,* 44 Col. 86; *Hayden* v. *Patterson,* 39 Col. 15; *Frazer* v. *Supervisors,* 74 Ill. 282; *Tone* v. *Wilson,* 81 Ill. 529; *Clapp* v. *Herdman,* 25 Ill. App. 509.) Hilliker was properly awarded the fair and reasonable value of the services of his attorney in defending the Schaefer action. (*Browning* v. *Stillwell,* 42 Misc. Rep. 346; 93 App. Div. 613; 182 N. Y. 538; *Cassidy* v. *Taylor,* 79 App. Div. 242; *Charman* v. *Tatum,* 54 App. Div. 61; *Charman* v. *Hibbler,* 31 App. Div. 477; *Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; *Olmstead* v. *Rawson,* 188 N. Y. 517.)

McLAUGHLIN, J. On the 1st of May, 1905, the defendants, Rueger's testator and his wife, conveyed to the plaintiff and his wife (now deceased), as tenants by the entirety, certain real property situate in the city of New York. The consideration was $7,000, of which $500 was paid down and the balance secured by a purchase-money mortgage. The grantors in the deed of conveyance covenanted that they were " seized of the said premises in fee simple and have good right to convey the same." Subsequent to the conveyance the grantees entered into a contract with one Schaefer to convey the premises to him for $8,500, of which $500 was paid on the execution of

the contract and the balance agreed to be paid or secured when the title passed. Schaefer thereafter refused to complete the contract, on the ground that the title tendered was unmarketable and he demanded that the $500 paid be returned to him. The demand not being complied with, he brought an action to recover the same. It was finally determined in that action that the grantees did not have a marketable title to a part of the premises conveyed (*Schaefer* v. *Hilliker*, 140 App. Div. 173; affd., 206 N. Y. 708), for which reason plaintiff was entitled to recover the amount paid at the time the contract was executed, with interest, expenses, etc. The defendants in the present action had notice of that action and were afforded an opportunity to defend it, which they neglected and refused to do. After Hilliker had paid the judgment recovered by Schaefer he brought this action to recover the damages alleged to have been sustained by reason of the breach of the covenant of seizin, to which reference has been made. He had a judgment for a substantial amount, which was modified, and as modified affirmed (*Hilliker* v. *Rueger*, 165 App. Div. 189), but on appeal to this court it was reversed and a new trial ordered (219 N. Y. 334). The second trial also resulted in a judgment for the plaintiff. The trial court found there was a breach of the covenant of seizin in that the defendants' testator did not have title to a part of the premises conveyed, and by reason thereof plaintiff had sustained damage to the amount of $1,200, being the difference between $7,000, the consideration paid, and $5,800, the proportionate value of the part of the premises of which the grantors had title at the time of the conveyance, with interest on the $1,200 for six years immediately prior to the commencement of the action; also for $1,500, the amount expended by the plaintiff for counsel and attorneys' fees in defending the action brought by Schaefer against him, with interest, and an extra allowance of five per, cent as costs on the amount recovered. Judg-

ment was entered to this effect, which was unanimously affirmed by the Appellate Division, second department, and defendant appeals to this court.

If a covenant of seizin be broken at all, it is at the time of the delivery of the conveyance. It is not essential in an action to recover damages for the breach of such a covenant that the grantee should be evicted. (*Veit* v. *McCauslan*, 157 App. Div. 335; affd., 213 N. Y. 678; *Mygatt* v. *Coe*, 124 N. Y. 212, 218.) It is claimed, however, by the appellants that unless there be an eviction, only nominal damages can be recovered. This is not the law. (*Veit* v. *McCauslan*, *supra; Pollard* v. *Dwight*, 4 Cranch [U. S.], 421, 430; *Kent* v. *Welch*, 7 Johns. 258; *Tone* v. *Wilson*, 81 Ill. 529; *Parker* v. *Brown*, 15 N. H. 176; *Brandt* v. *Foster*, 5 Ia. 287.) Possession does not satisfy a covenant of seizin. Such covenant means that the grantor, at the time of the conveyance, was lawfully seized of a good, absolute and indefeasible estate of inheritance in fee simple and had power to convey the same. (Real Property Law [Cons. Laws, ch. 50], § 253.) If the covenant be broken by the failure of title then an action can at once be maintained to recover the damages sustained as the direct result of the breach.

The trial court found, as indicated, that the grantors in the deed to the plaintiff did not have title to a part of the land conveyed. That finding has been unanimously affirmed. There was, therefore, a breach of the covenant of seizin which entitled plaintiff to whatever damages he had sustained by reason of it. The trial court also found that he had sustained damages to the extent of $1,200. I am of the opinion, however, that the judgment is erroneous in so far as it permitted the plaintiff to recover the $1,500, attorneys' and counsel fees paid in defending the action brought against him by Schaefer. The rule seems well established that costs and expenses, including counsel fees, can only be allowed when a direct attack is made upon the title. The grantee, when sued, of course can

defend his title and possession, or take such steps as may be necessary to obtain possession. Whatever it costs him to do this, if the title fail — not exceeding the consideration paid for the part or portion of the premises involved, together with the necessary costs and disbursements — may be recovered of the grantor. (*Olmstead* v. *Rawson*, 188 N. Y. 517; *Dale* v. *Shively*, 8 Kans. 276; *Jewett* v. *Fisher*, 9 Kans. App. 630; *Myers* v. *Munson*, 65 Ia. 423; *Harding* v. *Larkin*, 41 Ill. 413. See, also, *Oelrichs* v. *Spain*, 15 Wall. 211; *Henry* v. *Davis*, 123 Mass. 345.)

The Schaefer action was not a direct attack upon the title. It was that the title was not marketable. The fact that it was not marketable did not establish, as this court pointed out in *Hilliker* v. *Rueger* (219 N. Y. 334), that the title was bad or that there was a breach of the covenant of seizin.

The judgment appealed from, therefore, should be modified by striking out the item of $1,500 and interest thereon, and the extra allowance of costs is reduced proportionately, and as thus modified affirmed, without costs to either party.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, ANDREWS and ELKUS, JJ., concur.

Judgment accordingly.