## HAUS v. ERIE R. CO.

(Supreme Court, Appellate Term, First Department.　March 4, 1915.)

1. CARRIERS (§ 234*)—INJURIES TO PASSENGER—WHAT LAW GOVERNS.
    A passenger's action for injuries occurring in New Jersey is governed by the New Jersey law, though brought in New York.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 965, 1263, 1538; Dec. Dig. § 234.*]

2. CARRIERS (§ 247*)—INJURIES TO PASSENGERS—ALIGHTING ON WRONG SIDE.
    The New Jersey rule that a passenger alighting on a side of the train opposite the platform ceases to be a passenger and becomes only a licensee has no application, where the evidence shows that plaintiff was thrown from the steps of the car by a sudden jerk, though she was about to alight on the wrong side, as was the custom.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

Appeal from City Court of New York, Trial Term.

Action by Mabel K. Haus against the Erie Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Stetson, Jennings & Russell, of New York City (R. L. Von Bernuth, of New York City, of counsel), for appellant.

Wing & Wing, of New York City (George S. Wing, of New York City, and F. H. Gerrodette, of Brooklyn, of counsel), for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff, entered on the verdict of a jury in an action to recover damages for personal injuries sustained by a passenger while about to alight from one of defendant's trains at Forest Hill, N. J. Plaintiff testified that she bought a ticket and became a passenger on defendant's train at Jersey City; that, when the train reached Forest Hill, it stopped, and she started to leave the car, but that before she had succeeded in alighting therefrom, and while she was on the last step of the car, and holding onto the rails by the side of the steps, she was thrown from the car onto the ground by a sudden jerking movement of the train, and thereby injured.

The evidence shows that the train was a vestibule train, from which passengers could not alight without the removal of the vestibule covering of the steps by defendant's servants; that the platform erected for the use of passengers at that station was on the north side of the track, but that, the main part of the town and the railroad station being on the south side, it had been a long-established custom, with the acquiescence of the defendant company, for passengers to alight on the south side from trains coming in on the west-bound track.

In addition to testimony tending to show defendant's freedom from negligence and plaintiff's contributory negligence defendant offered proof tending to establish that plaintiff had actually fully alighted from the car before the accident, and offered in evidence decisions from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the New Jersey Law Reports in support of the defense set up in the answer pleading the law of New Jersey, which decisions hold the . established law of New Jersey to be that, where a passenger alights from a train on the side opposite the platform side, even with the acquiescence and approval of the carrier, upon so alighting he ceases to be a passenger, becomes a mere licensee, and can only recover from the railroad company for damages occurring through wanton or willful negligence on the part of the company.

[1, 2] The law of New Jersey, though at variance with the established law in this state, must govern in this case; but the decisions offered in evidence by the defendant stating the New Jersey law are not applicable to the facts in this case as testified to by plaintiff and her witnesses, which must be deemed to have been accepted by the jury as the true version of the accident. Plaintiff did not voluntarily alight from the car. While still on the car and obeying the implied directions of defendant's servants, who removed the vestibule covering from the steps on the south side of the car, she was forcibly and violently ejected from the car by a sudden jerking motion of the car, which had previously come to a full stop. That no more made her a licensee than if she had been thrown out of one of the windows of the car as she arose from her seat. The fact that she intended to alight on the south side did not alter her status. So long as she remained on the car, she was a passenger, to whom the defendant owed every duty it owed to other passengers.

The questions of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury.

The judgment must therefore be affirmed, with costs. All concur.