MARY LA FORCE, Appellant, *v.* CATARACT STORAGE CO., INC., and EDNA ELSER, Respondents.

County Court, Monroe County, April 16, 1937.

*Archibald M. Little*, for the appellant.

*Chamberlain, Page & Chamberlain* [*Arthur V. D. Chamberlain* of counsel], for the respondents.

KOHLMETZ, J. The plaintiff brought this action against the defendants to recover damages for injuries which she received in an automobile accident which happened in the Province of Ontario, Canada. She claims that, while she was riding as a passenger in an automobile owned by the defendant Cataract Storage Co., Inc., she was injured because of the negligence of the other defendant, Edna Elser, the operator of the car. The answers of both of the defendants, after denying the allegations of negligence in the complaint, set up as an affirmative defense the existence of a statute of the Province of Ontario, which reads as follows: " In any action brought for any loss or damage resulting from bodily injury to,

or the death of any person being carried in, or upon, or entering, or getting onto, or alighting from a motor vehicle other than a vehicle operated in the business of carrying passengers for compensation, and the owner or driver of the motor vehicle which the injured or deceased person was being carried in, or upon or entering, or getting onto, or alighting from is one of the persons found to be at fault or negligent, no damages, contribution or indemnity shall be recoverable for the portion of the loss or damage caused by the fault or negligence of such owner or driver, and the portion of the loss or damage so caused by the fault or negligence of such owner or driver shall be determined although such owner or driver is not a party to the action." (See Ontario Negligence Act of 1930, § 3, subd. 2, as added by Ontario Laws of 1935, chap. 46.)

At the beginning of the trial defendants' counsel made a motion for judgment on the pleadings and that the plaintiff's complaint be dismissed on the ground that the doctrine of *lex loci delictus* applies. This motion was granted by the court, and a judgment was accordingly rendered in favor of the defendants. From this judgment the plaintiff appeals to this court. The sole question presented upon this appeal is whether or not the statute of the Province of Ontario, above quoted, prevents the plaintiff from prosecuting this action. The trial court held that, by reason of the existence of this Canadian statute, the plaintiff has no cause of action on the ground that she is governed by the Canadian law. In my opinion the ruling of the trial judge was correct.

A negligence action is one in tort, and the law is well settled that if no cause of action is created at the place of wrong, no recovery in tort can be had in any other State. (American Law Institute, Restatement of the Law of Conflict of Laws, § 384, subd. 2; *Fitzpatrick* v. *International Railway Co.*, 252 N. Y. 127; *Benton* v. *Safe Deposit Bank*, 255 id. 260; *Salimoff* v. *Standard Oil Co.*, 262 id. 220, 226; 12 C. J. p. 453, § 35; 45 id. pp. 1046, 1047, § 605; *Haus* v. *Erie R. R. Co.*, 89 Misc. 416; *United Transportation Co.* v. *Hass*, 91 id. 311, 315.)

Counsel for the appellant argues in his brief that " the Canadian statute denying a gratuitous guest in an automobile redress against the owner or operator of an automobile for personal injury caused by the automobilist's negligence, is so contrary and repugnant to our declared public policy that the courts will not enforce it in our State." He cites several cases to sustain this proposition, but, in my opinion, they are not applicable to this case. In all of those cases the main question to be determined was whether an action may be maintained in our courts upon a cause of action accruing

in a foreign jurisdiction, under the laws of which the party aggrieved has a right to recover. None of them hold that, where no recovery can be had in an action for a tort under the laws of the State or country where the wrong was committed, an action may be maintained in our courts to recover damages. It is my opinion that, where the laws of a foreign jurisdiction deny a substantial right for the recovery of damages in an action for a tort, it is the established law and the public policy of our State that a party cannot seek redress through the medium of our courts, where it appears as a fact that the tort was committed in a foreign jurisdiction and the laws of that jurisdiction bar recovery. In the instant case the plaintiff is not entitled to recover damages because she is governed by the law of the Province of Ontario, where the accident happened, and, under that law, she is denied the right to recover damages.

The judgment of the City Court of Rochester, Civil Branch, is affirmed, with twenty-five dollars costs.